**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
_____x

CORAL REALTY, LLC, and CORAL          Civil Action No. 1:17-cv-01007
CRYSTAL, LLC,

               Plaintiffs,

      -against-                 **ANSWER AND**
                                **AFFIRMATIVE DEFENSES**

FEDERAL INSURANCE COMPANY,

               Defendant.

_____x

       Defendant FEDERAL INSURANCE COMPANY ("Defendant"), by and through its attorneys, FORAN GLENNON PALANDECH PONZI & RUDLOFF PC, as and for its Answer to the Complaint filed by Plaintiffs, CORAL REALTY, LLC, and CORAL CRYSTAL, LLC, (collectively, "Plaintiffs"), states upon information and belief, as follows:

**AS AND FOR A FIRST CAUSE OF ACTION**
**(Breach of Contract)**

       1.     Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 1 of Plaintiffs' Complaint.

       2.     Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 2 of Plaintiffs' Complaint.

       3.     Defendant denies the allegations contained in Paragraph 3 of Plaintiffs' Complaint, and affirmatively states that Defendant is an Indiana corporation with its principal place of business in Whitehouse Station, New Jersey.

       4.     Defendant admits the allegations contained in Paragraph 4 of Plaintiffs' Complaint.

5.     Defendant denies the allegations contained in Paragraph 5 of Plaintiffs' Complaint, and affirmatively states, although this action was originally brought in the Supreme Court of the State of New York, County of New York, upon information and belief, this action was properly removed to the United States District Court, Southern District of New York.

6.     Defendant denies the allegations contained in Paragraph 6 of Plaintiffs' Complaint, and affirmatively states, although this action was originally brought in the Supreme Court of the State of New York, County of New York, upon information and belief, this action was properly removed to the United States District Court, Southern District of New York.  Venue in the United States District Court, Southern District of New York is proper under 28 U.S.C. § 112(b), because it is the district and division embracing the place where such action is pending in accordance with 28 U.S.C. § 1441(a).

7.     Defendant denies the allegations contained in Paragraph 7 of Plaintiffs' Complaint.

8.     Defendant denies the allegations contained in Paragraph 8 of Plaintiffs' Complaint, and affirmatively states that it issued a policy of insurance to Plaintiffs bearing policy number 009 9836120 00 (the "Policy"), effective from August 15, 2012, through August 15, 2013.

9.     Defendant denies the allegations contained in Paragraph 9 of Plaintiffs' Complaint, and affirmatively states that Plaintiffs' building located at 201 East 14th Street, New York, NY 10003, was included on the original Location Address Schedule attached to the Policy.  Defendant respectfully refers the Court to the Policy itself for its terms and conditions.

10.     Defendant denies the allegations contained in Paragraph 10 of Plaintiffs' Complaint, and affirmatively states that the Policy was in effect on December 5, 2012.

11.     Defendant denies the allegations contained in Paragraph 11 of Plaintiffs' Complaint, affirmatively states that the extent of damage due to a covered peril is in dispute, refers

all questions of law to the Court for further determination, and refers the Court to the Policy itself for its terms and conditions.

12.    Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 12 of Plaintiffs' Complaint.

13.    Defendant denies the allegations contained in Paragraph 13 of Plaintiffs' Complaint, refers all questions of law to the Court for further determination, and refers the Court to the Policy itself for its terms and conditions.

14.    Defendant denies the allegations contained in Paragraph 14 of Plaintiffs' Complaint, and affirmatively states that Defendant received a letter dated August 20, 2015 from Karl Denison estimating Plaintiffs' Loss of Income and Extra Expenses at $832,364.00.

15.    Defendant denies the allegations contained in Paragraph 15 of Plaintiffs' Complaint, and affirmatively states that subsequent to August 20, 2015, Defendant received a proof of loss in the amount of $7,215,708.00, dated August 18, 2015.

16.    Defendant denies the allegations contained in Paragraph 16 of Plaintiffs' Complaint, and affirmatively states that in its August 28, 2015 letter, Defendant advised Plaintiffs that it "can neither accept nor reject the Proof of Loss at this time," because Defendant required additional time for further investigation.

17.    Defendant denies the allegations contained in Paragraph 17 of Plaintiffs' Complaint, and affirmatively states that it has acknowledged coverage for some of the alleged damages sustained to Plaintiffs' building.

18.    Defendant denies the allegations contained in Paragraph 18 of Plaintiffs' Complaint, and affirmatively states that on June 3, 2015, Defendant was provided with a spreadsheet wherein Plaintiffs document alleged incurred expenses of $439,635.89.

19.    Defendant denies the allegations contained in Paragraph 19 of Plaintiffs' Complaint, and affirmatively directs the Court's attention to the omitted qualifying conditions appended to the quoted portion of the August 28, 2015 letter: "Federal has acknowledged through York Risk Services that the December 2012 damage to the building represents an occurrence for which coverage is available under the policy, **_subject to the policy's terms, conditions and limitations (and subject to any potential exclusions which might be discovered to be applicable)_**" (Pls' Compl. Ex. 3, at 4 (emphasis added)).

20.    Defendant denies the allegations contained in Paragraph 20 of Plaintiffs' Complaint, and affirmatively directs the Court's attention to the omitted qualifying conditions appended to the quoted portion of the August 28, 2015 letter: "**_Subject to the foregoing_**, Federal will pay the reasonably and necessary costs for the repair or replacement of the damaged property, **_subject to the policy's conditions, limitations (and any exclusions which might subsequently be determined to be applicable).  Federal Reserves the right to amend such notice of intentions should circumstances warrant_**" (Pls' Compl. Ex. 3, at 4 (emphasis added)).

21.    Defendant denies the allegations contained in Paragraph 21 of Plaintiffs' Complaint, and affirmatively states that Defendant has paid $105,871.62 towards Plaintiffs' alleged damages.

22.    Defendant denies the allegations contained in Paragraph 22 of Plaintiffs' Complaint, and affirmatively states that Defendant has paid $105,871.62 towards Plaintiffs' alleged damages.

23.    Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 23 of Plaintiffs' Complaint, and affirmatively states that Defendant's representatives attended a meeting at the loss site on April 7, 2015.

24.     Defendant denies the allegations contained in Paragraph 24 of Plaintiffs' Complaint, and affirmatively states that York Risk Services Group preliminarily estimated that it would cost $17,441.36 to repair the exterior EIFS wall system, net of depreciation and deduction.

25.     Defendant denies the allegations contained in Paragraph 25 of Plaintiffs' Complaint, and affirmatively states that in its April 13, 2016 letter, Defendant conveyed to Plaintiffs' representative that the amount of $120,128.87 represents the estimated cost for the exterior EIFS and related repairs, subject to adjustment once the north wall is exposed and the damaged areas can be seen and evaluated (Pls.' Compl. Ex. 5, at 2).

26.     Defendant denies the allegations contained in Paragraph 26 of Plaintiffs' Complaint.

27.     Defendant denies the allegations contained in Paragraph 27 of Plaintiffs' Complaint.

## ADDITIONAL FACTS

28.     Defendant repeats and realleges each and every response and allegation contained in paragraphs 1 through 27 with the same force and effect as though fully set forth herein.

29.     Defendant denies the allegations contained in Paragraph 29 of Plaintiffs' Complaint, and affirmatively states that Defendant acted in good faith in the handling of the claim, and refers all questions of law to the Court for further determination, and refers the Court to the Policy itself for its terms and conditions.

30.     Defendant denies the allegations contained in Paragraph 30 of Plaintiffs' Complaint, and affirmatively states that Defendant acted in good faith in the handling of the claim, and refers all questions of law to the Court for further determination, and refers the Court to the Policy itself for its terms and conditions.

31.     Defendant denies the allegations contained in Paragraph 31 of Plaintiffs' Complaint, and affirmatively states that Defendant acted in good faith in the handling of the claim, and refers all questions of law to the Court for further determination, and refers the Court to the Policy itself for its terms and conditions.

32.     Defendant denies the allegations contained in Paragraph 32 of Plaintiffs' Complaint, and affirmatively states that Defendant acted in good faith in the handling of the claim, and refers all questions of law to the Court for further determination, and refers the Court to the Policy itself for its terms and conditions.

33.     Defendant denies the allegations contained in Paragraph 33 of Plaintiffs' Complaint, refers all questions of law to the Court for further determination, and refers the Court to the Policy itself for its terms and conditions.

34.     Defendant denies the allegations contained in Paragraph 34 of Plaintiffs' Complaint, and affirmatively states that Defendant hired York Risk Services Group to investigate the claim.

35.     Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 35 of Plaintiffs' Complaint.

36.     Defendant denies the allegations contained in Paragraph 36 of Plaintiffs' Complaint, and affirmatively states that the referenced letter was dated February 17, 2013.

37.     Defendant denies the allegations contained in Paragraph 37 of Plaintiffs' Complaint, and affirmatively states that Plaintiffs have provided Defendant with cost estimates to repair the insured property.

38.     Defendant denies the allegations contained in Paragraph 38 of Plaintiffs' Complaint, and affirmatively states that Plaintiffs have provided Defendant with cost estimates to repair the insured property.

39.     Defendant denies the allegations contained in Paragraph 39 of Plaintiffs' Complaint, and affirmatively states that Plaintiffs suggested an alternate method of repair of questionable engineering and unnecessary expense.

40.     Defendant denies the allegations contained in Paragraph 40 of Plaintiffs' Complaint, and affirmatively states that there is an action pending in Supreme Court, New York County captioned Coral Crystal LLC v. McArthur Morgan, LLC, Index No. 158736/2012.

41.     Defendant denies the allegations contained in Paragraph 41 of Plaintiffs' Complaint, and affirmatively states that there is an action pending in Supreme Court, New York County, captioned Federal Insurance Company v. McArthur Morgan, LLC, Index No. 15838/2015.

42.     Defendant denies the allegations contained in Paragraph 42 of Plaintiffs' Complaint.

43.     Defendant denies the allegations contained in Paragraph 43 of Plaintiffs' Complaint, and refers the Court to the action pending in Supreme Court, New York County, captioned Federal Insurance Company v. McArthur Morgan, LLC, Index No. 15838/2015.

44.     Defendant denies the allegations contained in Paragraph 44 of Plaintiffs' Complaint.

45.     Defendant denies the allegations contained in Paragraph 45 of Plaintiffs' Complaint, refers all questions of law to the Court for further determination, and refers the Court to the Policy itself for its terms and conditions.

46.     Defendant denies the allegations contained in Paragraph 46 of Plaintiffs' Complaint.

47.     Defendant denies the allegations contained in Paragraph 47 of Plaintiffs' Complaint.

48.     Defendant denies the allegations contained in Paragraph 48 of Plaintiffs' Complaint, and affirmatively states that the DBI Construction Consultants letter of August 28, 2015 provides: "Based on the adjustment team's preliminary study of the NYCDOB requirements, a light metal stair tower (scaffolding type structure) can be sufficient to provide temporary egress while repairs are being completed. Please advise what NYCDOB requirements the claimed stair structure is based upon."

49.     Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 49 of Plaintiffs' Complaint, and affirmatively states that Defendant's representatives attended a meeting at the loss site on September 3, 2015.

50.     Defendant denies the allegations contained in Paragraph 50 of Plaintiffs' Complaint, and affirmatively states that an email was received from Plaintiffs' public adjuster on October 14, 2015.

51.     Defendant denies the allegations contained in Paragraph 51 of Plaintiffs' Complaint, and affirmatively states that Cliff Hyde sent an email to Karl Denison on October 20, 2015 and a letter to Karl Denison dated November 12, 2015, and that the November 12, 2015 letter provides:

> As to the first point, if any temporary ingress/egress is required, it will only require a temporary stairway.  We have seen no evidence that the DOB will require a fully enclosed climate controlled staircase constructed to the permanent level of construction standards provided for in the Atlantic estimate.  To the contrary, our consultants have researched this issue and have received advice from the DOB that a temporary stairway with a light weight roof, enclosed with safety netting, will be

acceptable.  This issue is addressed in detail in the DBI Building Consultants attachment.

(Pls.' Compl. Ex. 11, at 1).

52.     Defendant denies the allegations contained in Paragraph 52 of Plaintiffs' Complaint, and refers all questions of law to the Court for further determination.

53.     Defendant denies the allegations contained in Paragraph 53 of Plaintiffs' Complaint, and affirmatively states that Cliff Hyde received an email from Karl Denison, dated October 23, 2015.

54.     Defendant denies the allegations contained in Paragraph 54 of Plaintiffs' Complaint, and affirmatively states that Cliff Hyde received an email from Karl Denison, dated November 11, 2015, and that the document speaks for itself.

55.     Defendant denies the allegations contained in Paragraph 55 of Plaintiffs' Complaint, and affirmatively states that Cliff Hyde sent a letter to Karl Denison dated November 12, 2015, and that the November 12, 2015 letter provides that Drawing S – 110.00 – 111.00, by Structural Engineering Technologies, PC, "is a public record on file with DOB and we are informed that the DOB has approved the work shown on it subject to an inspection" (Pls.' Compl. Ex. 11, at 1).

56.     Defendant denies the allegations contained in Paragraph 56 of Plaintiffs' Complaint, and affirmatively states that Cliff Hyde sent a letter to Karl Denison dated November 12, 2015, and that the November 12, 2015 letter provides:

> Finally, we are continuing to explore if a satisfactory arrangement can be made with the owners of 133 3rd Ave., to allow a repair of the EIFS of the Coral building from the exterior of 129 3rd Ave.  If the 129 3rd Ave. EIFS repair can be made from the exterior, if will expedite the repair, and further lessen the necessary cost of repair. It will also eliminate or significantly remove the inconvenience and disruption affecting the insured's dormitory building which would occur under the Atlantic proposal.

(Pls.' Compl. Ex. 11, at 2).

57.     Defendant admits the allegations contained in Paragraph 57 of Plaintiffs' Complaint.

58.     Defendant denies the allegations contained in Paragraph 58 of Plaintiffs' Complaint.

59.     Defendant denies the allegations contained in Paragraph 59 of Plaintiffs' Complaint, and affirmatively states that Defendant attended a meeting with Plaintiffs' representatives and the owners of 133 Third Avenue on December 3, 2015.

60.     Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in in Paragraph 60 of Plaintiffs' Complaint.

61.     Defendant denies the allegations contained in Paragraph 61 of Plaintiffs' Complaint, and affirmatively states that Defendant's representatives received a report from Montrose on or about December 3, 2015.

62.     Defendant denies the allegations contained in Paragraph 62 of Plaintiffs' Complaint, and affirmatively states that on December 4, 2015, Defendant's representatives received an email from Plaintiffs' adjuster, and that the document speaks for itself.

63.     Defendant denies the allegations contained in Paragraph 63 of Plaintiffs' Complaint.

64.     Defendant denies the allegations contained in Paragraph 64 of Plaintiffs' Complaint, and affirmatively states that on December 17, 2015, Defendant's representatives received an email from Karl Denison, and that the document speaks for itself.

65.     Defendant denies the allegations contained in Paragraph 65 of Plaintiffs' Complaint, and affirmatively states that on January 4, 2016, Defendant's representatives received an email from Karl Denison, and that the document speaks for itself.

66.     Defendant denies the allegations contained in Paragraph 66 of Plaintiffs' Complaint, and affirmatively states that Defendant has paid $105,871.62 towards Plaintiffs' alleged damages.

67.     Defendant denies the allegations contained in Paragraph 67 of Plaintiffs' Complaint.

68.     Defendant denies the allegations contained in Paragraph 68 of Plaintiffs' Complaint.

69.     Defendant denies the allegations contained in Paragraph 69 of Plaintiffs' Complaint.

70.     Defendant denies the allegations contained in Paragraph 70 of Plaintiffs' Complaint.

71.     Defendant denies the allegations contained in Paragraph 71 of Plaintiffs' Complaint, and affirmatively states that on February 10, 2016, Defendant attended a meeting with Plaintiffs' representatives and the owners of 133 Third Avenue.

72.     Defendant denies the allegations contained in Paragraph 72 of Plaintiffs' Complaint, and affirmatively states that Cliff Hyde sent Karl Denison a letter, dated March 2, 2016, and that the document speaks for itself.

73.     Defendant denies the allegations contained in Paragraph 73 of Plaintiffs' Complaint.

74.     Defendant denies the allegations contained in Paragraph 74 of Plaintiffs' Complaint, and affirmatively states that Cliff Hyde sent Karl Denison a letter, dated March 2, 2016, and that the document speaks for itself.

75.     Defendant denies the allegations contained in Paragraph 75 of Plaintiffs' Complaint, and affirmatively states that Cliff Hyde received an email from Karl Denison, dated March 4, 2016, and that the document speaks for itself.

76.     Defendant denies the allegations contained in Paragraph 76 of Plaintiffs' Complaint.

77.     Defendant denies the allegations contained in Paragraph 77 of Plaintiffs' Complaint.

78.     Defendant denies the allegations contained in Paragraph 78 of Plaintiffs' Complaint, and affirmatively states that a letter was sent from Cliff Hyde to Karl Denison on April 13, 2016, and that the document speaks for itself.

79.     Defendant denies the allegations contained in Paragraph 79 of Plaintiffs' Complaint, and affirmatively states that a letter was sent from Cliff Hyde to Karl Denison on April 13, 2016, and that the document speaks for itself.

80.     Defendant denies the allegations contained in Paragraph 80 of Plaintiffs' Complaint.

81.     Defendant denies the allegations contained in Paragraph 81 of Plaintiffs' Complaint.

82.     Defendant denies the allegations contained in Paragraph 82 of Plaintiffs' Complaint, and affirmatively states that the document annexed as Exhibit "9" references permits revoked by the New York City Department of Buildings.

83.     Defendant denies the allegations contained in Paragraph 83 of Plaintiffs' Complaint, and affirmatively states that on April 14, 2016, Plaintiffs' public adjuster transmitted the document annexed to Plaintiffs' Complaint as Exhibit "9" to Defendant, and that the document speaks for itself.

84.     Defendant denies the allegations contained in Paragraph 84 of Plaintiffs' Complaint, and affirmatively states that Defendant received a letter from Plaintiffs' public adjuster on April 14, 2016, and that the document speaks for itself.

85.     Defendant denies the allegations contained in Paragraph 85 of Plaintiffs' Complaint.

86.     Defendant denies the allegations contained in Paragraph 86 of Plaintiffs' Complaint.

87.     Defendant denies the allegations contained in Paragraph 87 of Plaintiffs' Complaint.

88.     Defendant denies the allegations contained in Paragraph 88 of Plaintiffs' Complaint, and affirmatively states that Plaintiffs' representatives believed that 133's drawings were inaccurate.

89.     Defendant denies the allegations contained in Paragraph 89 of Plaintiffs' Complaint, and affirmatively states that Plaintiffs' representatives believed that 133's drawings were inaccurate.

90.     Defendant denies the allegations contained in Paragraph 90 of Plaintiffs' Complaint, and affirmatively states that Plaintiffs' representatives' concerns regarding a Tenant Protection Plan were addressed by Defendant.

91.     Defendant denies the allegations contained in Paragraph 91 of Plaintiffs' Complaint, and affirmatively states that a letter dated March 25, 2015 was sent by Plaintiffs' counsel to Defendant's counsel, and that the document speaks for itself.

92.     Defendant denies the allegations contained in Paragraph 92 of Plaintiffs' Complaint, and affirmatively states that both a letter dated November 12, 2015 and an email dated October 20, 2015, were sent by Cliff Hyde to Karl Denison, and that the documents speak for themselves.

93.     Defendant denies the allegations contained in Paragraph 93 of Plaintiffs' Complaint, and affirmatively states that a letter dated November 12, 2015 was sent by Cliff Hyde to Karl Denison, and that the document speaks for itself.

94.     Defendant denies the allegations contained in Paragraph 94 of Plaintiffs' Complaint, and affirmatively states that a letter dated November 12, 2015 was sent by Cliff Hyde to Karl Denison, and that the document speaks for itself.

95.     Defendant denies the allegations contained in Paragraph 95 of Plaintiffs' Complaint, and affirmatively states that Plaintiffs' representatives believed that 133's drawings were inaccurate.

96.     Defendant denies the allegations contained in Paragraph 96 of Plaintiffs' Complaint.

97.     Defendant denies the allegations contained in Paragraph 97 of Plaintiffs' Complaint.

## AS AND FOR A SECOND CAUSE OF ACTION

98.     Defendant repeats and realleges each and every response and allegation contained in paragraphs 1 through 97 with the same force and effect as though fully set forth herein.

99.     Defendant denies the allegations contained in Paragraph 99 of Plaintiffs' Complaint, and affirmatively states that Defendant fairly, timely, and accurately adjusted Plaintiffs' claim.

100.    Defendant denies the allegations contained in Paragraph 100 of Plaintiffs' Complaint.

101.    Defendant denies the allegations contained in Paragraph 101 of Plaintiffs' Complaint.

102.    Defendant denies the allegations contained in Paragraph 102 of Plaintiffs' Complaint.

103.    Defendant denies the allegations contained in Paragraph 103 of Plaintiffs' Complaint.

104.    Defendant denies the allegations contained in Paragraph 104 of Plaintiffs' Complaint.

105.    Defendant denies the allegations contained in Paragraph 105 of Plaintiffs' Complaint.

106.    Defendant denies the allegations contained in Paragraph 106 of Plaintiffs' Complaint.

107.    Defendant denies the allegations contained in Paragraph 107 of Plaintiffs' Complaint.

108.    Defendant denies the allegations contained in Paragraph 108 of Plaintiffs' Complaint.

## AS AND FOR A THIRD CAUSE OF ACTION

109.    Defendant repeats and realleges each and every response and allegation contained in paragraphs 1 through 108 with the same force and effect as though fully set forth herein.

110.    Defendant denies the allegations contained in Paragraph 110 of Plaintiffs' Complaint.

111.    Defendant denies the allegations contained in Paragraph 111 of Plaintiffs' Complaint.

112.    Defendant denies the allegations contained in Paragraph 112 of Plaintiffs' Complaint.

113.    Defendant denies the allegations contained in Paragraph 113 of Plaintiffs' Complaint.

114.    Defendant denies the allegations contained in Paragraph 114 of Plaintiffs' Complaint.

115.    Defendant denies the allegations contained in Paragraph 115 of Plaintiffs' Complaint.

## AS AND FOR A THIRD CAUSE OF ACTION

116.    Defendant repeats and realleges each and every response and allegation contained in paragraphs 1 through 115 with the same force and effect as though fully set forth herein.

117.    Defendant denies the allegations contained in Paragraph 117 of Plaintiffs' Complaint.

118.    Defendant denies the allegations contained in Paragraph 118 of Plaintiffs' Complaint.

119.    Defendant denies the allegations contained in Paragraph 119 of Plaintiffs' Complaint.

120.    Defendant denies the allegations contained in Paragraph 120 of Plaintiffs' Complaint.

121.    Defendant denies the allegations contained in Paragraph 121 of Plaintiffs' Complaint.

122.    Defendant denies the allegations contained in Paragraph 122 of Plaintiffs' Complaint.

## AS AND FOR A FIFTH CAUSE OF ACTION

123.    Defendant repeats and realleges each and every response and allegation contained in paragraphs 1 through 122 with the same force and effect as though fully set forth herein.

124.    Defendant denies the allegations contained in Paragraph 124 of Plaintiffs' Complaint.

125.    Defendant denies the allegations contained in Paragraph 125 of Plaintiffs' Complaint.

## FIRST AFFIRMATIVE DEFENSE

Plaintiffs' complaint fails to state a cause of action upon which relief can be granted.

## SECOND AFFIRMATIVE DEFENSE

This Honorable Court lacks subject matter jurisdiction to entertain the instant matter.

## THIRD AFFIRMATIVE DEFENSE

Plaintiffs' breach of contract claim is not ripe for adjudication, as the parties are proceeding pursuant to the appraisal provision of the Policy.

## FOURTH AFFIRMATIVE DEFENSE

Plaintiffs fail to properly state a valid breach of contract claim, both as a matter of law and pursuant to the Policy's loss payment provision, as the parties are proceeding pursuant to the appraisal provision of the Policy.

## FIFTH AFFIRMATIVE DEFENSE

Plaintiffs' consequential damages claim is premature, because any consequential damages must arise from a breach of contract, and no such breach has occurred (*see* Third and Fourth Affirmative Defenses, *supra*).

## SIXTH AFFIRMATIVE DEFENSE

Plaintiffs fail to properly state a cause of action for consequential damages, because the consequential damages alleged by Plaintiffs are not pleaded with sufficient particularity.

## SEVENTH AFFIRMATIVE DEFENSE

Plaintiffs fail to properly state a cause of action for consequential damages, because their consequential damages claim is duplicative of their breach of contract claim.

## EIGHTH AFFIRMATIVE DEFENSE

Plaintiffs fail to properly state a cause of action under General Business Law § 349, because they fail to adequately allege consumer oriented conduct.

## NINTH AFFIRMATIVE DEFENSE

Plaintiffs fail to properly state a cause of action under General Business Law § 349, because they fail to allege an injury that is independent of injury caused by Defendant's alleged breach of contract.

## TENTH AFFIRMATIVE DEFENSE

Plaintiffs' fourth cause of action does not present a case or controversy ripe for adjudication

under the Declaratory Judgment Act.

## ELEVENTH AFFIRMATIVE DEFENSE

Plaintiffs' fourth cause of action must be dismissed at it is duplicative of other causes of action asserted by Plaintiffs.

## TWELFTH AFFIRMATIVE DEFENSE

Plaintiffs' fifth cause of action improperly seeks an advisory opinion.

## THIRTEENTH AFFIRMATIVE DEFENSE

Plaintiffs' fifth cause of action does not present a case or controversy ripe for adjudication under the Declaratory Judgment Act.

## FOURTEENTH AFFIRMATIVE DEFENSE

Plaintiffs' alleged damages are limited or excluded from coverage, in whole or in part, pursuant to the terms, conditions, limitations, and exclusions contained within the Policy including, but not limited to, the following provisions:

\* \* \*

## BUILDING AND PERSONAL PROPERTY
## COVERAGE FORM

\* \* \*

**E. Loss Conditions**

The following conditions apply in addition to the Common Policy Conditions and the Commercial Property Conditions:

\* \* \*

**2.      Appraisal**

   **1.** If we and you disagree on the value of the property or the amount of loss, either may make written demand for an appraisal of the loss. In this event, each party will select a competent and impartial appraiser and notify the other of the appraiser selected within 20 days of such demand.

**2.** If we or you fail to proceed with the appraisal of the covered loss after a written demand is made by either party, then either party may apply to a court having jurisdiction for an order directing the party that failed to proceed with the appraisal to comply with the demand for the appraisal of the loss. In this event, each party will select a competent and impartial appraiser and notify the other of the appraiser selected within 20 days of such order.

**3.** The two appraisers will select an umpire. If they cannot agree within 15 days upon such umpire, either may request that selection be made by a judge of a court having jurisdiction. The appraisers will state separately the value of the property and the amount of loss. If they fail to agree, they will submit their differences to the umpire.  A decision agreed to by any two will be binding.

**4.** Each party will:

    a.  Pay its chosen appraiser; and
    b.  Bear the other expenses of the appraisal and umpire equally.

If there is an appraisal, we will still retain our right to deny the claim.

***

**4.**    **Loss Payment**

***

g.    We will pay for covered loss or damage within 30 days after we receive the sworn proof of loss, if you have complied with all of the terms of this Coverage Part and:

    (1)    We have reached agreement with you on the amount of loss; or

    (2)    An appraisal award has been made.

***

**7.**    **Valuation**

We will determine the value of Covered Property in the event of loss or damage as follows:

**a.**  At actual cash value as of the time of loss or damage, except as provided in **b**., **c**., **d**. and **e**. below.

b.                       \*\*\*

The cost of building repairs or replacement does not include the increased cost attributable to enforcement of any ordinance or law regulating the construction, use or repair of any property.

\*\*\*

## COMMERCIAL PROPERTY CONDITIONS

This Coverage Part is subject to the following conditions, the Common Policy Conditions and applicable Loss Conditions and Additional Conditions in Commercial Property Coverage Forms.

\*\*\*

**D.     LEGAL ACTION AGAINST US**

No one may bring a legal action against us under this Coverage Part unless:

1. There has been full compliance with all of the terms of this Coverage Part

\*\*\*

## ORDINANCE OR LAW COMBINED COVERAGE

**B.     Application Of Coverage**

The Coverage provided by this endorsement applies only if both B.1. and B.2. are satisfied and is then subject to the qualifications set forth in B.3.

**1.     The ordinance or law:**

a. Regulates the demolition, construction or repair of buildings, or establishes zoning or land use requirements at the described premises; and

b. Is in force at the time of loss.

But coverage under this endorsement applies only in response to the minimum requirements of the ordinance or law. Losses and costs incurred in complying with recommended actions or standards that exceed actual requirements are not covered under this endorsement.

\*\*\*

**E.      Loss Payment**

***

**2.**     When there is a loss in value of an undamaged portion of a building to which this endorsement applies, the loss payment for that building, including damaged and undamaged portions, will be determined as follows:

     a.     If the Replacement Cost Coverage Option applies and the property is being repaired or replaced, on the same or another premises, we will not pay more than the amount you would actually spend to repair, rebuild or reconstruct the building, but not for more than the amount it would cost to restore the building on the same premises and the same height, floor area, style and comparable quality of the original property insured.

***

## FIFTEENTH AFFIRMATIVE DEFENSE

If it is determined that Defendant is liable to Plaintiffs for any loss or damage, Defendant is not liable for any loss or damage which is limited or excluded from coverage or limited pursuant to the Policy.

## SIXTEENTH AFFIRMATIVE DEFENSE

If it is determined that Defendant is liable to Plaintiffs, any such liability will be subject to the terms, conditions, provisions, clauses, endorsements, amendments, and declarations in the Policy.

## SEVENTEENTH AFFIRMATIVE DEFENSE

Defendant is not liable to Plaintiffs to the extent Plaintiffs failed to mitigate any alleged damages in accordance with the Policy and applicable law.

## EIGHTEENTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred, in whole or in part, to the extent of any payment made by Defendant in connection with the Loss.

22

### NINETEENTH AFFIRMATIVE DEFENSE

If it is determined that Defendant is liable to Plaintiffs for any loss or damage, any such liability will be governed by the applicable loss settlement and loss payment provisions in the Policy.

### TWENTIETH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred, in whole or in part, to the extent that Plaintiffs' claimed loss is covered by other insurance.

### TWENTY-FIRST AFFIRMATIVE DEFENSE

Defendant has fully satisfied all of its contractual obligations to Plaintiffs pursuant to the terms, conditions, limitations and exclusions of the Policy.

### TWENTY-SECOND AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred, in whole or in part, to the extent Plaintiffs' claimed loss occurred to property not covered under the Policy.

### TWENTY-THIRD AFFIRMATIVE DEFENSE

Defendant reserves all its rights and defenses under the Policy and further reserves the right to amend its answer and assert additional defenses as determined through discovery.

**WHEREFORE,** Defendant FEDERAL INSURANCE COMPANY, and its attorneys FORAN GLENNON PALANDECH PONZI & RUDLOFF PC, hereby demands judgment dismissing Plaintiffs' Complaint against it, together with costs and the disbursements of this action, including attorney's fees; and for such other and further and different relief as this Court may deem

just, equitable, and proper.


Dated: New York, New York
      March 10, 2017

                                    Respectfully submitted,

By: _____

                                    Charles J. Rocco, Esq. (CR8646)
                                    Erik Kallhovd, Esq. (EK1975)
                                    FORAN GLENNON PALANDECH
                                    PONZI & RUDLOFF PC
                                    *Attorneys for Defendant Federal Insurance*
                                    *Company*
                                    40 Wall St., 54th Floor
                                    New York, New York 10005
                                    T:      (212) 257-7100
                                    F:      (212) 257-7199
                                    crocco@fgppr.com
                                    ekallhovd@fgppr.com

24

## CERTIFICATE OF SERVICE

I hereby certify that on March 10, 2017, a copy of the foregoing Answer and Affirmative Defenses was filed electronically and served in accordance with the Federal Rules of Civil Procedure, and/or the Southern District's Local Rules, and/or the Southern District's Rules on Electronic Service upon the following parties and participants:

David B. Karel, Esq.
WILKOFSKY, FRIEDMAN, KAREL & CUMMINS
*Attorneys for Plaintiffs*
299 Broadway, Suite 1700
New York, New York 10007
Tel:    (212) 285-0510
Fax:    (212) 285-0531
Email: dkarel@wfkclaw.com

_/s/ Erik Kallhovd_____
Erik Kallhovd, Esq. (EK1975)
Charles J. Rocco, Esq. (CR8646)
FORAN GLENNON PALANDECH PONZI
& RUDLOFF PC
*Attorneys for Federal Insurance Company*
40 Wall Street, 54th Floor
New York, New York 10005
Tel:    (212) 257-7100
Fax:    (212) 257-7199
E-mail:  ekallhovd@fgppr.com