```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------x
CORAL REALTY, LLC, and CORAL          Docket No.: 1:17-cv-01007
CRYSTAL, LLC,

                     Plaintiffs,

          -against-

FEDERAL INSURANCE COMPANY,

                     Defendant.
-----------------------------------x
```

**MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFFS' MOTION TO CONFIRM**

**APPRAISAL AWARD**

## TABLE OF CONTENTS

PRELIMINARY STATEMENT.........................................1

FACTUAL AND PROCEDURAL BACKGROUND.............................1

ARGUMENT.....................................................1

CONCLUSION......  ..........................................4

## TABLE OF AUTHORITIES

**Cases**

Cendant Corp. v. Forbes
70 F.Supp.2d 339 (S.D.N.Y. 1999)...............................2, 3

Clark v. Kraftco
323 F.Supp. 358 (S.D.N.Y. 1971)...............................2, 3

Cohen v. Atlas Assurance Co.
148 N.Y.S. 563 (App. Div. 1914)..................................3

Duane Reade, Inc. v. St. Paul Fire and Marine Ins. Co.
503 F.Supp.2d 699 (S.D.N.Y. 2007)............................2, 4

Forbes v. Cendant Corp.
205 F.3d 1322 (2d Cir. 2000).....................................3

Indian Chef, Inc. v. Fire and Cas. Ins. Co. Of Connecticut
2003 WL 329054(S.D.N.Y. Feb. 13, 2003).......................3, 4

Liberty Fabrics, Inc. v. Corp. Props. Assocs. 5
636 N.Y.S.2d 781 (App. Div. 1996)...............................3

Penn Central Corp. v. Consolidated Rail Corp.
56 N.Y.2d 120, 451 N.Y.S.2d 62 (1982)........................2, 3

Questrom v. Federated Departments Stores, Inc.
41 F.Supp.2d 294 (S.D.N.Y. 1999)................................3

Questrom v. Federated Departments Stores, Inc.
84 F.Supp.2d 483 (S.D.N.Y. 2000)................................2

S.R. Int'l Bus. Ins. Co., Ltd. v. World Trade Ctr. Prop., LLC
2004 WL 2979790 (S.D.N.Y. Dec. 1, 2005).......................3

**Statutes**

CPLR § 7510...............................................1, 2

CPLR § 7601...............................................1, 2

ii

Plaintiffs move this court for confirmation of the April 30, 2018 award (the "Award) rendered by the Panel of Appraisers (the "Panel") consisting of appraisers Charles Murray, Wayne Martin and Umpire Michael Young in this proceeding between Plaintiffs, CORAL REALTY, LLC, and CORAL CRYSTAL, LLC., and Defendant, FEDERAL INSURANCE COMPANY ("FEDERAL").  Plaintiffs hereby respectfully submit this memorandum of law in support of their petition, pursuant to CPLR § 7510 and CPLR § 7601, which seeks an order confirming the Award of the Panel and a judgment therein.

## PRELIMINARY STATEMENT

On April 30, 2018, the Panel issued an Award directing FEDERAL to pay Plaintiffs $5,528.866.00.  The Award is based on study of all facts, circumstances, elements and proofs offered by the parties and consideration of all the evidence submitted by the parties. Pursuant to CPLR §7510 and CPLR §7601, Plaintiffs are entitled to an order confirming the Award.

## FACTUAL AND PROCEDURAL BACKGROUND

The pertinent facts of this case are set forth in the Petition of David Karel, dated December 17, 2018, and the exhibits attached thereto, which we respectfully incorporate as if more fully set forth herein.

## ARGUMENT

This Court has authority under the New York Civil Practice Law and Rules to confirm the Award. CPLR §7601 states as follows:

1

CPLR §7510 states as follows:

> The court shall confirm an award upon application of a party made within one year after the after its delivery to him ...

This authority has been previously exercised by the Federal Courts in enforcing appraisal awards. Questrom v. Federated Departments Stores, Inc., 84 F.Supp.2d 483 (S.D.N.Y. 2000) at 492; Duane Reade, Inc. v. St. Paul Fire and Marine Ins. Co., 503 F.Supp.2d 699 (S.D.N.Y. 2007).

The determination whether to grant confirmation of an appraisal, withhold that confirmation, or modify an appraisal, all arise out of the District Court's equitable powers and the provisions of CPLR § 7601. Clark v. Kraftco, 323 F.Supp. 358, 361 (S.D.N.Y. 1971); Cendant Corp. v. Forbes, 70 F.Supp.2d 339, 345 (S.D.N.Y. 1999).

The Panel is presumed to have conducted itself and issued the Award in accordance with all applicable laws and regulations. Under New York law, appraisal awards are treated with the same deference shown to arbitration awards. Penn Central Corp. v. Consolidated Rail Corp., 56 N.Y.2d 120, 130, 451 N.Y.S.2d 62, 68 (1982)(" '[A] dissatisfied party who participated in the selection of an independent appraiser has no greater right to challenge the appraiser's valuations than he would have to attack an award rendered by an arbitrator[.]' "). As this Court has

recognized, judicial review of appraisals is highly deferential, and the grounds for attacking awards are accordingly very narrow. See Cendant at 345 (citing Questrom v. Federated Departments Stores, Inc., 41 F.Supp.2d 294, 302 (S.D.N.Y. 1999)(stating that "judicial review of such [an appraiser's] determination is limited"); Penn Central at 130, 68.  Like arbitrations, appraisals are not to be disturbed unless the award was the product of fraud, bias or bad faith, See Forbes v. Cendant Corp., 205 F.3d 1322 (2d Cir. 2000)(summary order); Clark at 360 (citing Cohen v. Atlas Assurance Co., 148 N.Y.S. 563 (App. Div. 1914); Liberty Fabrics, Inc. v. Corp. Props. Assocs. 5, 636 N.Y.S.2d 781, (App. Div. 1996)(citation omitted). Here, there is no assertion of fraud, bias or bad faith by the Panel.

The Panel stayed within the scope of its responsibilities. "New York courts have long recognized the role of appraisals in resolving disputes between an insurer and insured where the disagreement is over the value or the amount of the loss." Indian Chef, Inc. v. Fire and Cas. Ins. Co. Of Connecticut, 2003 WL 329054 at 3 (S.D.N.Y. Feb. 13, 2003).  Appraisal is a "comprehensive proceeding" which has the purpose of determining the losses at issue. S.R. Int'l Bus. Ins. Co., Ltd. v. World Trade Ctr. Prop., LLC, 2004 WL 2979790 at 1 (S.D.N.Y. Dec. 1, 2005). Indeed, the Panel here evaluated only the amount and extent of loss suffered by the Plaintiffs, and the amount of

3

extra expenses that it incurred and rendered a determination of Actual Cash Value and replacement value as required by the policy. The Panel did not evaluate, for example, the "scope of coverage provided by [the] insurance policy, a purely legal issue that cannot be determined by an appraisal." Duane Reade at 702. Nor did they address liability of any party, another topic that is outside the ambit of an appraisal. Indian Chef at 3.

## CONCLUSION

For the foregoing reasons, Plaintiffs respectfully request that the Court grant an order confirming the Award in all respects.

Dated: New York, New York
        December 21, 2018

                                Respectfully Submitted,

                                WILKOFSKY, FRIEDMAN,
                                  KAREL & CUMMINS

                        By: _____
                                DAVID B. KAREL
                                *Attorneys for Plaintiffs*
                                299 Broadway, Suite 1700
                                New York, New York 10007
                                (212) 285-0510

20151/15J125.L24

4