UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------x
CORAL REALTY, LLC, and CORAL　　　　　　　Docket No.: 1:17-cv-01007
CRYSTAL, LLC,

　　　　　　　　　　Plaintiffs,
　　　　　　　　　　　　　　　　　　　　　　　　**DECLARATION OF DAVID KAREL**
　　-against-

FEDERAL INSURANCE COMPANY,　　　　　　Judge Deborah A. Batts

　　　　　　　　　　Defendant.
---------------------------------------------------x

　　　　David Karel, under penalty of perjury pursuant to 28 U.S.C. §1746, declares as follow:

　　　　1.　　I am a member of the law firm Wilkofsky, Friedman, Karel & Cummins, LLC, counsel for the Plaintiffs.

　　　　2.　　I submit this declaration in opposition to Defendant's Motion to vacate the appraisal award.

　　　　3.　　I need to address the allegation made by Defendant that: "After demanding that Federal not communicate with its own appraiser, Coral's executive participated directly in the appraisal."

　　　　4.　　My recollection of the events is that recollection is that the only demand was that Defendant not direct and control its appraiser. Along with such demand was the acknowledgment that the law does not require that clients refrain from communicating with their appraisers. Such initial demand was made because, per Charles Murray, when Martin appeared, unprepared, for the first appraisal meeting Martin asserted that he could not discuss any figures with the panel because he, Martin, had not been provided with authority to do so from Defendant.

5. In the State court action Justice David Cohen declared "that Mr. Parisi is inelgible to serve as a disinterested appraiser for Chubb and that portion of petitioners''(sic) motion is granted.( bottom of page 2 of 3 of Exhibit "2" attached hereto).

6. Justice Cohen's decision further stated: "The two independent appraisers shall thereafter follow the procedure as set forth I the insurance contract and statute." Id. at page 3.

7. Attached hereto as Exhibit "3" are documents produced by Defendant in the State Court action bearing bate stamp numbers evidencing that there were no coverage issues.

8. In my letter of March 25, 2015, I asked Chubb to advise is there were coverage issues, asked Chubb to associate with Plaintiff, and noted that Chubb had until then estimated loss at $15,871.62 (net of the deductible the sum was but $5,871.62. (See Ex. "3" pages FS 8926-7, and Defendant's adjuster's "Case Management Review, dated March 3, 2014, FS 7624-7627 at 7626).

9. On that same page, FS7625, Defendant's adjuster references Plaintiff's offer to have Defendant attend and inspect the premises. Such is contrary to Defendant's representations that Plaintiff would not permit Defendant to inspect.

Dated: New York, New York
January 30, 2019

          WILKOFSKY, FRIEDMAN,
          KAREL & CUMMINS

By: DAVID B. KAREL
   Attorneys for Plaintiffs
   299 Broadway, Suite 1700
   New York, New York 10007
   (212) 285-0510

15J125.L77