**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
------------------------------------------------------------------------X
CORAL REALTY, LLC, and CORAL CRYSTAL LLC,           Civil Action No.
                                                    1:17-cv-01007
                        Plaintiffs,

        v.
                                                    Judge Deborah A. Batts
FEDERAL INSURANCE COMPANY,

                        Defendant.
------------------------------------------------------------------------X


# MEMORANDUM OF LAW IN OPPOSITION TO CORAL'S MOTION TO CONFIRM APPRAISAL AWARD

# TABLE OF CONTENTS

**TABLE OF AUTHORITIES** ................................................................................................. ii

I.   PRELIMINARY STATEMENT ............................................................................... 1

II.  STATEMENT OF FACTS .......................................................................................... 1

III. ARGUMENT ................................................................................................................ 1

   A.   The Court Should Deny Coral's Request to Confirm the Appraisal Award ....................... 1

   B.   Coral's Demand for Judgment is Improper Due to Pending Coverage Issues ................... 7

   C.   To the Extent the Award Is Confirmed, It Should be Limited to the Inside-Out Method .. 8

IV.  CONCLUSION ............................................................................................................ 9

# TABLE OF AUTHORITIES

**Cases**

*Clark v. Kraftco Corp.*,
   323 F. Supp. 358 (S.D.N.Y. 1971) ............................................................................... 2, 6

*In re Delmar Box Co.*,
   127 N.E.2d 808 (N.Y. 1955) ............................................................................................ 5

*Duane Reade, Inc. v. St. Paul Fire & Marine Ins. Co.*,
   503 F. Supp. 2d 699 (S.D.N.Y. 2007) ............................................................................. 3

*Gansevoort Holding Corp. v. Palatine Ins. Co.*,
   170 N.Y.S.2d 171 (Sup. Ct. N.Y. Cty. 1957), *aff'd*, 181 N.Y.S.2d 172 (App. Div. 1st Dep't 1958) ............................................................................................................................... 2

*Gervant v. New England Fire Ins. Co.*,
   118 N.E. 2d 574 (N.Y. 1954) ........................................................................................... 2

*Glicksman v. N. River Ins. Co.*,
   448 N.Y.S.2d 77 (App. Div. 4th Dep't 1982) .................................................................. 2

*John P. Burke Apartments, Inc. v. Swan*,
   528 N.Y.S.2d 718 (App. Div. 3d Dep't 1988) ................................................................. 7

*Kawa v. Nationwide Mut. Fire Ins. Co.*,
   664 N.Y.S.2d 430 (Sup. Ct. Erie Cty. 1997) ................................................................ 5, 6

*MZM Real Estate Corp. v. Tower Ins. Co. of N. Y.*,
   No. 452741/2015, 2017 WL 1330494 (Sup. Ct. N.Y. Cty. Apr. 11, 2017) ...................... 2

*Penn Cent. Corp. v. Consol. Rail Corp.*,
   56 N.Y.2d 120 (1982) ...................................................................................................... 4

*Questrom v. Federated Dep't Stores, Inc.*,
   84 F. Supp. 2d 483 (S.D.N.Y. 2000) ............................................................................... 3

*Zarour v. Pac. Indem. Co.*,
   No. 15-CV-2663 (JSR), 2017 WL 946332 (S.D.N.Y. Feb. 22, 2017) ........................... 2, 6

**Statutes**

Fed. R. Civ. P. 54(a) .................................................................................................................. 7

N.Y. C.P.L.R. § 7601 (McKinney 2018) ..................................................................................... 3

N.Y. Ins. L. § 3404 (McKinney 2018) ......................................................................................... 4

N.Y. Ins. L. § 3408(c) (McKinney 2018) ................................................................................. 6, 8

**Other Authorities**

Standard Fire Insurance Policies,
  2010 Sess. Law News of N.Y. Ch. 25 (S. 2088-A) (codified at N.Y. Ins. L. §§ 3404, 3408,
  CPLR § 7601) ........................................................................................................................ 3

**Books and Treatises**

Jonathan Wilkofsky,
  The Law and Procedure of Insurance Appraisal (3d ed. 2015) .......................................... 6

**I.     PRELIMINARY STATEMENT**

Federal[1] submits this Memorandum of Law in opposition to Coral's Motion to Confirm Appraisal Award ("Coral's Motion"). The Appraisal Award failed to comply with New York law, failed to comply with the Policy, and was compromised due to misconduct by Coral. These problems are detailed in Federal's Motion, and representative examples are provided herein. Given the clear problems with the Award, Coral unsurprisingly attempts to evade judicial review by conflating appraisal with arbitration. In fact, New York law clearly delineates between appraisal and arbitration, recognizing a far broader array of grounds for vacatur or modification of appraisal awards. In addition to confirmation, Coral demands judgment, despite the Court's express admonition to the contrary during the most recent conference. Finally, even if the Court were to confirm any part of the Award, such confirmation should be limited to valuation of the Inside-Out Method. For these reasons, and as explained more fully below, Federal respectfully requests that the Court deny Coral's Motion.

**II.    STATEMENT OF FACTS**

Federal incorporates by reference the statement of facts presented in its Memorandum of Law in Support of Federal's Motion (ECF No. 34).

**III.   ARGUMENT**

**A. The Court Should Deny Coral's Request to Confirm the Appraisal Award**

The Appraisal Award should not be confirmed because the appraisal process and resultant Award were riddled with impropriety. No deference is given to an appraisal that failed to comply with the policy or New York law. *Gansevoort Holding Corp. v. Palatine Ins. Co.*, 170 N.Y.S.2d

---

[1] Unless otherwise defined, capitalized terms shall have the same meaning as provided in Federal's Motion to Vacate or Modify the Appraisal Award, in Whole or in Part, ECF No. 34 ("Federal's Motion").

1

171, 174 (Sup. Ct. N.Y. Cty. 1957), *aff'd*, 181 N.Y.S.2d 172 (App. Div. 1st Dep't 1958); *Zarour v. Pac. Indem. Co.*, No. 15-CV-2663 (JSR), 2017 WL 946332, at *2 (S.D.N.Y. Feb. 22, 2017); *Glicksman v. N. River Ins. Co.*, 448 N.Y.S.2d 77, 78 (App. Div. 4th Dep't 1982). The appraisal repeatedly failed to comply with the Policy and New York law as summarized herein and detailed in Federal's Motion. As such, the Award is entitled to no deference. Further, under New York law, misconduct during the appraisal process precludes confirmation of any resulting award. *Clark v. Kraftco Corp.*, 323 F. Supp. 358, 360 (S.D.N.Y. 1971); *Gervant v. New England Fire Ins. Co.*, 118 N.E. 2d 574, 577 (N.Y. 1954). As *Clark* explained, any of the following factors "would vitiate an appraisal: any inference of finding that the appraisal was not honestly made in good faith, and, under the circumstances, with sufficient thoroughness, and by following the ordinary and only tests that could be applied." *Clark*, 323 F. Supp. at 360 (internal quotes and citations omitted). Likewise, an appraisal award should not be confirmed if the appraisal failed to comply with the policy or New York law. *Gansevoort*, 170 N.Y.S.2d at 174; *Zarour*, 2017 WL 946332, at *2. As explained in Federal's Motion, the Award was the product of impropriety such that it should be vacated, or at the very least modified, but in no circumstance confirmed.

In a desperate attempt to save the Appraisal Award, Coral disregards appraisal law, and instead attempts to evade proper judicial review by deceptively conflating appraisal awards with arbitration awards. First, Coral wrongly moves for confirmation pursuant to the arbitration statute, CPLR § 7510. However, Article 75 ("Arbitration") is inapplicable to appraisal. *E.g.*, *MZM Real Estate Corp. v. Tower Ins. Co. of N. Y.*, No. 452741/2015, 2017 WL 1330494, at *8 (Sup. Ct. N.Y. Cty. Apr. 11, 2017). Coral provides no support for the proposition that CPLR § 7510 governs confirmation of an ***appraisal*** award. Neither of the two cases Coral cites for this proposition makes any reference to CPLR § 7510. *Compare* Coral's Motion, p. 2, *with Questrom v. Federated Dep't*

*Stores, Inc.*, 84 F. Supp. 2d 483 (S.D.N.Y. 2000), *and Duane Reade, Inc. v. St. Paul Fire & Marine Ins. Co.*, 503 F. Supp. 2d 699 (S.D.N.Y. 2007). Thus, CPLR § 7510 is an improper vehicle for confirmation of an appraisal award.

Coral's motion pursuant to CPLR § 7601 is likewise improper as this statute is inapplicable. CPLR § 7601 states:

> A special proceeding may be commenced to specifically enforce an agreement that a question of valuation, appraisal or other issue or controversy be determined by a person named or to be selected. The court may enforce such an agreement as if it were an arbitration agreement, in which case the proceeding shall be conducted as if brought under article seventy-five of this chapter. Where there is a defense which would require dismissal of an action for breach of the agreement, the proceeding shall be dismissed. ***Provided, however, that this section shall not apply to any agreement contained in the standard fire insurance policy of the state with the exception of an action to enforce the appraisal clause pursuant to section three thousand four hundred eight of the insurance law which shall not be enforced as an arbitration agreement.***

N.Y. C.P.L.R. § 7601 (McKinney 2018) (emphasis added). As originally enacted, CPLR § 7601 granted courts discretion to enforce specific performance of an agreement to proceed with an appraisal. *Id.* (1962) (amended 2010). It further granted courts discretion to enforce such an agreement as if it were an arbitration agreement, in which case it must proceed as if brought under CPLR Article 75. *Id.* Based on the foregoing, courts began to equate insurance appraisals with arbitration proceedings. However, the New York State Legislature spoke in 2010 to clear up this misunderstanding. In 2010, the Legislature amended the statute to add the last sentence (emphasized above). Standard Fire Insurance Policies, 2010 Sess. Law News of N.Y. Ch. 25 (S. 2088-A) (codified at N.Y. INS. L. §§ 3404, 3408, CPLR § 7601). Thus, since 2010, CPLR § 7601 explicitly dictates that a standard insurance appraisal clause "shall not be enforced as an arbitration

agreement."[2]  Accordingly, CPLR § 7601 is inapplicable to the present dispute.  Coral's Motion relies exclusively on cases decided prior to the 2010 amendment to CPLR § 7601—i.e., the cases that erroneously conflate appraisal with arbitration.  However, as Coral now acknowledges in its Opposition to Federal's Motion, "We [Coral] are in agreement with part of defense counsel's argument . . . that the grounds for vacating or modifying an appraisal award are different than the grounds for vacating or modifying an arbitration."  Coral's Opposition to Federal's Motion, ECF No. 41, at 5.  Thus, both CPLR § 7601 and Coral's authority relying thereon are inapplicable to this dispute and should be disregarded.

Even if the statute were applicable, confirmation of the Appraisal Award under CPLR § 7601 would still be improper.  In *Penn Central*, the Court of Appeals noted that the pre-2010 CPLR § 7601 "***permit[ted]*** a court to confirm an appraisal ***in an appropriate case***," i.e., where "the only dispute between the parties concerns a question of valuation which they have agreed to submit to a panel of appraisers."  *Penn Cent. Corp. v. Consol. Rail Corp.*, 56 N.Y.2d 120, 130 (1982).  And, as the court noted, "to require or permit a party to commence a special proceeding for the confirmation of a valuation determination when there are other issues to be resolved at a plenary trial, would only lead to additional litigation and delay, thus defeating the primary objective of the appraisal agreement."  *Id.*  As set forth in Federal's Motion, numerous coverage issues remain, clearly precluding confirmation, including but not limited to:

1. Whether the Tower is covered under the Policy in light of the fact that repairs had not been made within two years after the loss;
2. Whether Federal is liable for the Tower in light of the fact that the proposed Tower exceeds the "minimum requirements of the ordinance or law";
3. Whether Coral is entitled to RCV given its failure to meet the Policy's preconditions to RCV coverage (e.g., that repairs be made as soon as reasonably possible);

---

[2] The Policy's appraisal provision is nearly identical to the New York standard appraisal provision.  Rudoshko Dec. ¶ 21; N.Y. INS. L. § 3404 (McKinney 2018); Coral's Motion, Karel Dec. ¶ 14; *see also* Coral Exhibit 9, p. 1.

4. Whether Federal is liable for repairs performed in an unsafe, untested, unreliable, and unnecessary manner (i.e., the Inside-Out Method);

5. Whether Coral is entitled to the Extra Expenses in light of the fact that they were not incurred to avoid or minimize the suspension of business;

6. Whether Coral is entitled to any Extra Expenses incurred after the expiration of the Policy's "period of restoration"; and/or

7. Whether Coral is entitled to the Unincurred Expenses, in light of the fact that they were not sustained or incurred within the Policy's "period of restoration."

Even under CPLR § 7601, these coverage issues would preclude confirmation of the Award. Prior to agreeing to appraisal, Federal raised these coverage issues and noted that appraisal would not resolve the entire controversy between the parties. Rudoshko Dec. ¶ 20, Ex. 2. Accordingly, even if CPLR § 7601 were applicable, confirmation of the Award would still be improper.

Contrary to Coral's contention, appraisal awards are **not** treated with the same deference shown to arbitration awards. "New York recognizes a clear distinction between appraisal and arbitration." *Kawa v. Nationwide Mut. Fire Ins. Co.*, 664 N.Y.S.2d 430, 431 (Sup. Ct. Erie Cty. 1997). As the Court of Appeals has explained:

> An agreement for arbitration ordinarily encompasses the disposition of the entire controversy between the parties, upon which judgment may be entered after judicial confirmation of the arbitration award, while the agreement for appraisal extends merely to the resolution of the specific issues of actual cash value and the amount of loss, all other issues being reserved for determination in a plenary action.

*In re Delmar Box Co.*, 127 N.E.2d 808, 811 (N.Y. 1955) (internal citations omitted). As the *Delmar* court recognized, the informality of the appraisal process renders it more susceptible to misconduct than the quasi-judicial arbitration. "Appraisal proceedings are . . . attended by a larger measure of informality and appraisers are not bound to the strict judicial investigation of an arbitration." *Id.* By contrast, arbitrations are entitled to deference because their formalities (e.g., the requirement that arbitrators take a formal oath) reduce their susceptibility to misconduct. *See id.* As this Court has recognized, the differences between appraisal and arbitration highlight "the

danger potential in shielding appraisals, to the same extent as arbitrations, from judicial scrutiny." *Clark*, 323 F. Supp. at 362 n.1. According to Coral's counsel, "Except in those states that view insurance appraisals like arbitrations, appraisal meetings are not quasi-judicial proceedings and can be conducted without the formalities of a formal arbitration." JONATHAN WILKOFSKY, THE LAW AND PROCEDURE OF INSURANCE APPRAISAL 505 (3d ed. 2015). Given the informality of appraisal, there is no New York "authority which equates appraisal with arbitration or which grants quasi-judicial authority to appraisers. To the contrary, New York recognizes a clear distinction between appraisal and arbitration." *Kawa*, 664 N.Y.S.2d at 431. In light of their higher susceptibility to misconduct, judicial "review of appraisals is governed by different and broader standards" than those governing judicial review of arbitrations. *Clark*, 323 F. Supp. at 360. For example, an insurer "need not establish one of the grounds set forth in New York CPLR § 7511— governing arbitration—to vacate or modify an appraisal award." *Zarour*, 2017 WL 946332, at *1 (emphasis in original). Coral's attempt to liken the Appraisal Award to an arbitration award is a transparent effort to mislead the Court.

Coral's desire to evade a proper judicial review of the Award is unsurprising given the Award's myriad problems. As explained in Federal's Motion, the Appraisal Award should not be confirmed because the appraisal was rife with improprieties. Rather than reiterate them in detail here, Federal provides a few representative examples, any one of which would preclude confirmation of the Award:

Failure to Comply with New York Law:
- The Award failed to identify both actual cash value and replacement cost. *See* Federal's Motion § III.B.2.a.; N.Y. INS. L. § 3408(c) (McKinney 2018).
- The Award failed to identify the extent of damage. *See* Federal's Motion § III.B.2.b.; N.Y. INS. L. § 3408(c).

- The Award failed to explain adjustments. *See* Federal's Motion § III.B.2.c.; *John P. Burke Apartments, Inc. v. Swan*, 528 N.Y.S.2d 718, 720 (App. Div. 3d Dep't 1988).

Failure to Comply with the Policy:

- The Award failed to value the loss as provided in the Policy. *See* Federal's Motion § III.B.3.b.; Rudoshko Dec. ¶ 22.
- The appraisal failed to value both Federal's Exterior Method and Coral's Inside-Out Method. *See* Federal's Motion § III.B.3.e.
- The Award failed to state separately the value of the property and the amount of loss. *See* Federal's Motion § III.B.3.d.; Rudoshko Dec. ¶ 21.

Bias and Lack of Good Faith Due to Misconduct by Coral:

- An impassioned, *ex parte* plea by Coral executive David Podolsky to the panel increased the scope of the Award. *See* Federal's Motion § III.B.1.a.
- A new claim of water damage allegedly resulting from the 2012 loss, belatedly reported by Coral's estimator directly to the appraisal panel, also increased the scope of the Award. *See* Federal's Motion § III.B.1.a.
- Mr. Podolsky pressured the umpire to have Federal engage in settlement discussions rather than complete the appraisal. *See* Federal's Motion § III.B.1.a.
- Federal's appraiser was denied the opportunity to be heard during the appraisal. *See* Federal's Motion § III.B.1.b.

For these reasons, and as explained more fully in Federal's Motion, the Court should deny Coral's Motion.

**B. Coral's Demand for Judgment is Improper Due to Pending Coverage Issues**

Coral's demand for a judgment is palpably improper, as numerous coverage issues preclude resolution of this matter. "Judgment . . . includes a decree and any order from which an appeal lies." FED. R. CIV. P. 54(a). Even if the appraisal had been properly conducted, no appeal would lie because coverage issues remain. *See MZM Real Estate Corp. v. Tower Ins. Co. of N. Y.*, No. 452741/2015, 2017 WL 1330494, at *4 (Sup. Ct. N.Y. Cty. Apr. 11, 2017) (denying judgment because an appraisal award does not entitle the insured to receive payment; the award is subject to the terms and conditions of the policy, and the insurer may deny the claim). As Coral itself

7

acknowledges, an appraisal cannot resolve coverage issues.[3]  Coral's Motion, p. 4; N.Y. INS. L. § 3408(c) ("[A]n appraisal shall not determine whether the policy actually provides coverage for any portion of the claimed loss or damage.").  As discussed above and in Federal's Motion, numerous coverage issues remain.  The existence of these coverage issues renders judgment impossible.  Thus, even if the Court were to confirm the Award (which it should not), judgment should not be entered until the coverage issues are resolved.

During the November 15, 2018 conference, the Court correctly recognized that a judgment should not be entered at this stage.  Rocco Dec. ¶¶ 2, 7.  During that conference, counsel for Coral erroneously asserted that the appraisal represented final resolution of the claim.  *Id.* ¶ 5.  As counsel for Federal explained then, and as set forth more fully in Federal's Motion, coverage issues and improprieties in the appraisal process preclude judgment.  *Id.* ¶¶ 4, 6.  The Court agreed that judgment would be improper, and advised that any motion by Coral would not result in judgment.  *Id.* ¶ 7.  Thus, in requesting judgment, Coral is ignoring the Court's warning.

### C. To the Extent the Award Is Confirmed, It Should be Limited to the Inside-Out Method

To the extent the Court confirms any part of the Award, such confirmation should be limited to a valuation of the Inside-Out Method.  As explained more fully in Federal's Motion, the Policy affords Federal four options for valuing the loss.  Rudoshko Dec. ¶ 22.  To that end, Federal asked that the appraisal value *both* Coral's Inside-Out Method *and* the Exterior Method.[4]  *Id.* ¶ 19.  Ultimately, the Award valued *only* Coral's Inside-Out Method.  Martin Dec. ¶ 19.  Without a valuation of both methods, Federal cannot determine its coverage obligations.  As explained in

---

[3] Indeed, the Policy expressly states, "If there is an appraisal, we [Federal] will still retain our right to deny the claim." Rudoshko Dec. ¶ 21.
[4] Paragraph 19 of the Declaration of David Karel in support of Coral's Motion blithely ignores Federal's express request that both methods be valued.

Federal's Motion, the Inside-Out Method is less safe and more expensive than the Exterior Method. Martin Dec. ¶¶ 16-18, 28-31; Hogan Dec. ¶¶ 12-24. Because the Exterior Method is safer and more cost-effective, Coral cannot recover costs associated with the Inside-Out Method. In fact, Coral would be entitled to recover costs associated with the Inside-Out Method only if a plenary trial were to determine the Inside-Out method to be necessary. Otherwise, Coral would recover costs associated with the Exterior Method, which the Appraisal Award failed to value. Thus, to the extent the Court confirms any part of the Award, such confirmation should be limited to a valuation of the Inside-Out Method.

## IV.  CONCLUSION

The Appraisal Award should not be confirmed because of its myriad problems. Rather than explain the validity of the Award, Coral attempts to evade judicial review by wrongly conflating appraisal with arbitration. Additionally, as the Court recognized at the most recent conference, Coral is not entitled to judgment at this time. Finally, even if the Court were to confirm any part of the Award, such confirmation should be limited to valuation of the Inside-Out Method.

Dated: January 31, 2019
New York, New York

Respectfully Submitted,

**FORAN GLENNON PALANDECH PONZI & RUDLOFF PC**

By: */s/ Charles J. Rocco*
Charles J. Rocco, Esq. (CR8646)
Ashley C. Vicere, Esq. (AV0612)
*Attorneys for Defendant*
*Federal Insurance Company*
40 Wall Street, 54th Floor
New York, New York 10005
Tel:   (212) 257-7100
Fax:   (212) 257-7199
crocco@fgppr.com
avicere@fgppr.com

9