UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------x

CORAL REALTY, LLC, and CORAL                    Docket No.: 1:17-CV-01007
CRYSTAL, LLC,

                         Plaintiffs,

       -against-

FEDERAL INSURANCE COMPANY,

                         Defendant.

-----------------------------------------------------------------x

**REPLY MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFF'S
<u>MOTION TO CONFIRM THE APPRAISAL AWARD</u>**

## **TABLE OF CONTENTS**

**Page**

STANDARD OF REVIEW ..................................................................................... 1

CONCLUSION ................................................................................................... 9

## TABLE OF AUTHORITIES

**Cases**                                                                                      **Pages**

936 Second Avenue, L.P. v. Second Corporate Development, Co., Inc.,
(2011) 82 A.D.3d 446 ................................................................................... 2,

Amerex Grp., Inc. v. Lexington Ins. Co., 678 F.3d 193, 199 (2d Cir.2012)
(quoting, No. 01 Civ. 9291, 2004 WL 2979790, at *3 (S.D.N.Y. Dec.1, 2004)................ 6, 7,

Bruce Silverstein and Bruce Silverstein Gallery, LLC., v. XI Specialty
Insurance Company, 2016 WL 3963129 (S.D.N.Y. 2016)................................................ 1, 2,

Clark v. Kraftco
323 F.Supp. 358 (S.D.N.Y. 1971)........................................................................ 1, 2,

Cohen v. Atlas Assurance Co.
148 N.Y.S. 563 (App. Div. 1914)......................................................................... 1,

 Daly v. Criterion Ins. Co.,
(S. Ct. Nassau Cty 1982) 115 Misc.2d 684............................................................ 2,

Eisenberg v. Stuyvesant Ins. Co.,
87 N.Y.S. 463 (App. Term NY 1904).................................................................... 3,

Gansevoort Holding Corp. .v. Palatine Ins. Co.,
170 N.Y.2d 171 (S. Ct. N.Y. Cty. 1957), aff'd 11 Misc. 2d 518 (1st Dept. 1958)............... 2,

Gervant v. New England Fire Ins. Co.,
118 N.E.3d 574 (NY 1954)................................................................................ 2,

Hyman, 2016 WL 5630716 at *2 ........................................................................ 4,

In the Matter of Delmar Box Co., Inc. v. Aetna Ins. Co.,
309 N.Y. 60 (1955)127 N.E.2d 808 (N.Y. 1955) ................................................... 7, 8.

Kawa v. Nationwide Mut. Fire Ins. Co.,
174 Misc.2d 407, 664 N.Y.S.2d 430 (1997)......................................................... 6,

Masury v. Whiton, 111 N.Y. 679 (1889) ............................................................. 3,

McCahill v Commercial Union Ins. Co.
(1989) 179 Mich App 761, 446 NW2d 579............................................................ 5,

-ii-

Perkins v. Giles, 50 N.Y. 229 (1872)........................................................ 3,

Penn Central Corp. v. Consolidated Rail Corp.
56 N.Y.2d 120, 451 N.Y.S.2d 62 (1982)................................................ 1,

Pollock v Fire Ins Exchange,
167 Mich App 415; 423 NW2d 234 (1988)............................................ 5,

Pottenburgh v. Dryden Mut. Ins. Co. (S.Ct. Tompkins Cty. 2017)
55 Misc.3d 775........................................................................................ 4,

Questrom v. Federated Departments Stores, Inc.
41 F.Supp.2d 294 (S.D.N.Y. 1999)........................................................ 1,

Quick Response Commercial Div., LLC v. Cincinnati Ins. Co.,
2015 WL 5306093, p. *3 [N.D.N.Y.2015]............................................ 4, 6,

Zaitchick v American Motorists Ins. Co.,
554 F Supp 209, 217, affd 742 F.2d 1441, cert denied 464 U.S. 851................... 5,

Zarour v. Pacific Indemnity Company,
(S.D.N.Y. 2017) 2017 WL 946332........................................................ 1, 7,

**Statutes**

CPLR  §7510............................................................................................. 2,

CPLR §7511.............................................................................................. 1,

CPLR §7601............................................................................................. 1,  8,

N.Y Ins. Law §34089(c)..................................................................... 4, 6, 7, 8, 9,

**Standard of Review**

Defendant has not challenged that the standard to be utilized in vacating appraisal awards, as set forth in Zarour v. Pacific Indemnity Company, (S.D. N.Y. 2017) 2017 WL 946332, is a high standard requiring proof of "fraud, bias, or bad faith." Clark v. Kraftco Corp. 323 F.Supp. 358, 360 (S.D.N.Y. 1971) enunciated that the proof to establish a ground for upsetting an appraisal award must be demonstrated by "clear and convincing evidence."

Perhaps the most relevant decision for this court's consideration is the case Bruce Silverstein and Bruce Silverstein Gallery, LLC, v. Xl Specialty Insurance Company, 2016 WL 3963129 (S.D. N. Y. 2016). Judge Caproni decided against the insured on its application to vacate an appraisal award. Judge Caproni grappled with the confusing sections of the CPLR dealing with enforcement of appraisals concluding:

> **The New York Court of Appeals has interpreted C.P.L.R. § 7601 to empower a court to hold a special proceeding to confirm an appraiser's award**. Penn Cent. Corp., 56 N.Y.2d at 130.9 **Petitioners move to vacate the appraisal award based on Article 75 of the C.P.L.R**., specifically § 7511, which governs vacating or modifying an arbitration award. N.Y. C.P.L.R. § 7511 (McKinney 2016). Although **there is no comparable statute for vacating or modifying an appraisal award, appraisal awards receive deferential judicial review that is similar-but not identical-to the standard of judicial review for arbitrations awards**. See Clark v. Kraftco Corp., 323 F. Supp. 358, 360 (S.D.N.Y. 1971) ("[R]eview of appraisals is governed by different and broader standards [than review of arbitration awards]." (citing Cohen v. Atlas Assurance Co., 148 N.Y.S. 563 (App. Div. 1914))). **Nevertheless, "a dissatisfied party who participated in the selection of an independent appraiser has no greater right to challenge the appraiser's valuations than he would have to attack an award rendered by an arbitrator."** Penn Cent. Corp., 56 N.Y.2d at 130 (citations omitted); see also Questrom v. Federated Dep't Stores, Inc., 41 F. Supp. 294, 302 (S.D.N.Y. 1999) ("[J]udicial review of [an appraiser's] determination is limited."), aff'd, 2 Fed. Appx. 81 (2d Cir. 2001).

(Emphasis added).

1

Judge Caproni added that: "[a]n appraisal award should be upheld unless there is clear and convincing evidence that the appraiser rendered the award in bad faith without sufficient thoroughness or based on bias or fraud."

In addition to <u>Silverstein</u> citing to Article 75 of the CPLR, <u>Daly v. Criterion Ins. Co.</u>, (S. Ct. Nassau Cty 1982) 115 Misc.2d 684,  referenced CPLR §7510 as the basis for the application to enforce an appraisal.  See as well  <u>936 Second Avenue, L.P. v. Second Corporate Development, Co., Inc.</u>, (2011) 82 A.D.3d 446 where the court considered an application brought pursuant to CPLR Article 75 to vacate an appraisal award. The court said:

> The motion court properly determined that there was no evidence of fraud, bias or bad faith in the appraisal process. Nor was the award irrational. Absent such evidence, "the appraisal should stand."

Defendant cites <u>Clark</u> for the proposition that the instant appraisal should not be honored due to it allegedly not having been made in good faith.  Defendant's allegations in such regard fall far too short; Defendant utterly failed to offer any proof by clear and convincing evidence that there was fraud, misconduct or bad faith.

<u>Gansevoort Holding Corp. .v. Palatine Ins. Co.</u>, 170 N.Y.2d 171 (S. Ct. N.Y. Cty. 1957), aff'd 11 Misc. 2d 518 (1st Dept. 1958) is as well unavailing. The court described the standard to be applied as: "[The] award should not be denied effect in the absence of clear and strong proof amounting to fraud, bad faith or misconduct.

Defendant as well cited <u>Gervant v. New England Fire Ins. Co.</u>, 118 N.E.3d 574 (NY 1954) for the proposition that appraisals should be set aside when the umpire acts in a hasty manner. The appraisal herein took close to 18 months!  The panel met repeatedly, in New York as well as Philadelphia, visited the site, exchanged emails, phone calls etc., as well as hiring a respected independent expert to provide advice to Michael Young,  the umpire.

New York has a long history of upholding appraisals.  In Eisenberg v. Stuyvesant Ins. Co., 87 N.Y.S. 463 (App. Term NY 1904) the court held the appraisal award, signed by the Appraisers and Umpire "became binding and conclusive."  Appraisals are "unassailable" and conclusive absent fraud, corruption of misconduct." Masury v. Whiton, 111 N.Y. 679 (1889) and Perkins v. Giles, 50 N.Y. 229 (1872).

Plaintiffs will rely upon our previous arguments addressing Defendant's unsupported allegations of bad faith, fraud, and misconduct, but for a few points which we will address.

Defendant challenges the findings of the appraisal panel; the panel was appropriately constituted and had the power to reach its determinations.  The panel's determinations, as explained by Michael Young in his email to Wayne Martin (Ex.6 to Defendant's motion), details why Michael Young, Feuerborn and Charles Murray rejected Defendant's submissions and Defendant's proposed methodology of effectuating the repairs.

Defendant has repeatedly referenced plans prepared for the owners of 133 Third Avenue, detailing its position prior to litigation.  Defendant continued to reference such plans even after it, Defendant, was explicitly advised on repeated occasions that the plans were inaccurate and contained false representations.  As well during the appraisal Defendant's appraiser continued to make representations concerning measurements of hallways, staircases etc. even after being advised and shown measurements demonstrating that same were inaccurate.  It was upon these facts, as well as others, that Defendant's proposed method of performing the repairs was proven unfeasible.

Defendant suggests that there are coverage issues; Defendant is in error.  The coverage issues Defendant suggests exist relate to Defendant's unaccepted method of performing the repairs, and Defendant's perception that the panel did not ascertain Actual Cash Value.  Defendant's files

3

evidenced that Defendant conceded that the claims were covered. (Karel Decl. in support of Plaintiff's motion, ¶ 8 and Ex. 4 to Plaintiff's motion).

There were and are no coverage issues which the appraisal panel needed to or did address. Appraisals in New York State are designed to resolve the issues of the extent and the amount of loss. See N.Y Ins. Law §3408(c).   Such was the task undertaken and performed by the panel in the case before the court.

In the matter of Pottenburgh v. Dryden Mut. Ins. Co. (S.Ct. Tompkins Cty. 2017) 55 Misc.3d 775, the petitioner, seeking to compel appraisal, successfully argued that the dispute was solely about the scope of loss, for the petitioner was "seeking replacement as a means of effectuating proper repairs to items that were indisputably damaged .. . " Respondent did not identify any policy provisions that needed to be interpreted to resolve the parties dispute." Id. at 778.

The court noted that the insurer had not denied liability.  The court noted as well that respondent had not denied liability for damages sustained in the vandalism  incident:

> and it does not identify any policy provisions that need to be interpreted by the court to resolve the parties' dispute. Rather, it is clear from the parties' respective submissions that the basis for respondent's objections to an appraisal is limited to the extent of work required to repair the damage caused by the vandalism incident. Such disputes "are factual questions that fall squarely within the scope of the policy's appraisal clause" (Quick Response Commercial Div., LLC v. Cincinnati Ins. Co., 2015 WL 5306093, p. *3 [N.D.N.Y.2015] [applying New York law] [citations omitted]; see also Hyman, 2016 WL 5630716 at *2, quoting Quick Response ).

Id.

Indeed, in 2014 the New York Ins. Law was amended to add the word "extent" to clarify that such issues are appraisable.

4

The dispute between the parties herein was never about coverage–Defendant never raised any policy exclusion. Rather, the dispute, as in <u>Pottenburgh</u> is and was about the scope and extent of necessary repairs.

The award on its face says there was no betterment and that the Actual Cash Value (ACV) of the repair was the same as the Replacement Cost Value. Although Defendant challenges the determination of ACV, Defendant has failed to proffer any evidence that it either objected or raised any such issue concerning the ascertainment of ACV during the appraisal.

Defendant suggests that repairs were required to have been made as soon as possible. In that Defendant failed to have made payment Defendant is estopped from raising such an issue at this time. <u>Zaitchick v American Motorists Ins. Co.</u>, 554 F Supp 209, 217, affd 742 F.2d 1441, cert denied 464 U.S. 851 [insurer may be estopped from denying claim for replacement cost, if it has not paid plaintiff actual cash value to enable plaintiff to begin repairs]). See also <u>Pollock v Fire Ins Exchange</u>, 167 Mich App 415; 423 NW2d 234 (1988),and <u>McCahill v Commercial Union Ins. Co.</u> (1989) 179 Mich App 761, 446 NW2d 579.

The policy's ordinance or law provisions are inapplicable as well for, as the award noted, there was no betterment. As the Declarations of Podolsky, paragraph 22, and Harwood, paragraph 14, submitted in opposition to Defendant's motion attested, the building was code compliant pre-loss.

Defendant challenges expenses incurred, while it has failed to specify in any manner at all which expenses Defendant asserts were not incurred to minimize interruption of business. The award specifies that such expenses were incurred. Defendant has failed to even cite to any limitation on said expenses.

Schedule 5 of the Award does not reference "extra expenses," but rather "Incurred Expenses" which as set forth were incurred to protect the property from further damage.

Defendant has confused Extra Expenses with incurred expenses. Extra expenses are those that relate to business interruption claims and are those added expenses which a property owner may incur that would not otherwise be incurred, perhaps additional security, space heaters, more frequent garbage pick-up.

The Incurred Expenses are none of these. The Incurred Expenses were those to protect the property from further damages and claim preparation as set forth in Murray's Declaration.

Defendant's reference to Kawa v. Nationwide Mut. Fire Ins. Co., 174 Misc.2d 407, 664 N.Y.S.2d 430 (1997) is also misplaced in that Kawa was decided prior to the 2014 amendment of Insurance Law §3408(c) Kawa is precisely the precedent that the New York Legislature sought to overrule when it broadened New York Ins. L§ 3408(c).  See Bill Number A09346 - Legislative Summary ("the courts have taken a limited view as to what issues are subject to appraisal," and that this change would assist in making it clear that appraisal should not be so limiting).

Kawa predates the 2014 amendment to NY Ins. L § 3408, at which time appraisal could only make determinations as to "amount of loss."  Secondly, the insurer in Kawa was denying the entire claim which made the claim subject to a determination of coverage. Id. at 431. ("the appraisal clause only applies to a case with a disagreement "as to the amount of loss or damage", and not where the insurer denies liability").

In Quick Response Commercial Div. v. Cincinnati Ins. Co. (N.D.N.Y. 2015), 2015 WL 5306093, at *2, the court stated:

> " 'New York public policy favors an appraisal proceeding over a trial
> on damages.' " Amerex Grp., Inc. v. Lexington Ins. Co., 678 F.3d
> 193, 199 (2d Cir.2012) (quoting, No. 01 Civ. 9291, 2004 WL

6

2979790, at *3 (S.D.N.Y. Dec.1, 2004)). "This pro-appraisal policy is reflected in the November 2014 amendment to Section 3408(c) of the New York Insurance Law," <u>Zarour v. Pac. Indem. Co.</u>, No. 15–CV–2663, 2015 WL 4385758, at *3 (S.D.N.Y. July 6, 2015), which provides that

> [a]n appraisal shall determine the actual cash value, the replacement cost, the extent of the loss or damage and the amount of the loss or damage which shall be determined as specified in the policy and shall proceed pursuant to the terms of the applicable appraisal clause of the insurance policy.

In that Defendant has decided to quote Jonathan Wilkofsky, it is appropriate to cite his treatise herein. JONATHAN WILKOFSKY, THE LAW AND PROCEDURE OF INSURANCE APPRAISAL, 540 (3RD ed. 2015) has a section entitled "THE BINDING NATURE OF THE APPRAISAL-AWARD–SETTING IT ASIDE.  Such section provides:

> An award made in appraisal is supported by a reasonable presumption and will be upheld even though it differs from what a court may have done.  The conclusions of the appraisers are binding upon the parties so long as there is no evidence of fraud or mistake.

> This presumptive validity is not rebutted by ascribing sinister motives to the umpire. The appraisers' findings should not be vacated unless they were made without authority or were the result of fraud, mistake or the misfeasance of the appraisers.

> It has been said that the principles of <u>res judicata</u> prevent either party from revisiting the validity of the appraisers' award, as well as the final computations or underlying methodologies of the appraisers.

<u>In the Matter of Delmar Box Co., Inc. v. Aetna Ins. Co.</u>, 309 N.Y. 60 (1955)127 N.E.2d 808 (N.Y. 1955) addressed a situation where the Court would not compel the insurer to participate in an arbitration, distinguishing arbitration which decides the entire controversy from appraisal which determines value and amount of loss.  <u>Delmar Box</u> was decided prior to the amendment of Ins. Law §3408 which now provides for specific performance of appraisal when demanded.

Delmar also addressed the fact that appraisals were not previously enforceable under the procedures applicable to arbitrations. The Delmar court stated: "In 1941, section 1448 of the Civil Practice Act, the opening section in the article governing arbitration proceedings, was amended by adding thereto the following, L.1941, ch. 288: 'Such submission or contract (for settlement by arbitration of a controversy between the parties) may include questions arising out of valuations, appraisals or other controversies which may be collateral, incidental, precedent or subsequent to any issue between the parties.'"

The face of the award, the papers which actually comprise the award are sufficient for the award to be confirmed. Looking behind the curtain, without existing proof of bad faith, misconduct is unwarranted.

Now that Ins. Law § 3408(c) has been amended, the right to have the award confirmed is akin to confirming an arbitration, albeit the award shall not be confirmed as an arbitration for arbitrations have different rules as to how they proceed. Such is set forth both in Ins. Law §3408(c) and in CPLR §601.

In this regard §3408(c) provides:

> An appraisal shall determine the actual cash value, the replacement cost, the extent of the loss or damage and the amount of the loss or damage **which shall be determined as specified in the policy and shall proceed pursuant to the terms of the applicable appraisal clause of the insurance policy and not as an arbitration**. Notwithstanding the provisions of this subsection, an appraisal shall not determine whether the policy actually provides coverage for any portion of the claimed loss or damage.

(Emphasis added).

Similarly, CPLR §7601 provides:

> A special proceeding may be commenced to specifically enforce an agreement that a question of valuation, appraisal or other issue or

controversy be determined by a person named or to be selected. The court may enforce such an agreement as if it were an arbitration agreement, in which case the proceeding shall be conducted as if brought under article seventy-five of this chapter. Where there is a defense which would require dismissal of an action for breach of the agreement, the proceeding shall be dismissed.  Provided, however, that this section shall not apply to any agreement contained in the standard fire insurance policy of the state **with the exception of an action to enforce the appraisal clause pursuant to section three thousand four hundred eight of the insurance law which shall not be enforced as an arbitration agreement.**

(Emphasis added).

Both the Insurance Law section and the CPLR section recognize that the appraisal provisions may be enforced.  Both sections simply state that the appraisal shall not be enforced as an arbitration agreement, for arbitrations are governed by different rules!

In that there are no coverage issues the amount awarded should be confirmed.


## CONCLUSION

For the foregoing reasons, Plaintiffs respectfully request that the Court grant an order confirming the award in all respects.

DATED:        New York, New York
              February 18, 2019

                                     Respectfully submitted,

                                     WILKOFSKY, FRIEDMAN,
                                      KAREL & CUMMINS

                            By:     _David Karel_____
                                     DAVID B. KAREL (3465)
                                     *Attorney for Plaintiffs*

9