UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------X

CORAL REALTY, LLC, and CORAL CRYSTAL LLC,

                                  Plaintiff,

v.

FEDERAL INSURANCE COMPANY.

                                  Defendants.

------------------------------------------------------------X

Civil Action No:

1:17-cv-01007

**Judge Laura T. Swain;
Magistrate Judge Barbara C. Moses**

## FEDERAL'S MOTION FOR LEAVE TO AMEND ANSWER AND AFFIRMATIVE DEFENSES

      Defendant Federal Insurance Company ("Federal"), by and through its attorneys, Foran Glennon Palandech Ponzi & Rudloff PC, moves for leave to amend its Answer and Affirmative Defenses to Coral Realty, LLC's, and Coral Crystal LLC's (collectively "Coral") Complaint and, in support thereof, states as follows:

      1.      Federal issued a policy of insurance to Coral bearing policy number 009 9836120 00 (the "Policy"), effective from August 15, 2012, through August 15, 2013.

      2.      On December 5, 2012, Coral's building, at 129 Third Avenue/201 East Fourteenth Street, New York, NY (the "Building"), was damaged during construction of a neighboring structure at 133 Third Avenue (the "Loss").

      3.      Federal paid Coral $948,289.00 for the Loss based on repairing the Building from the exterior (the "Exterior Method").

      4.      During the adjustment of the Loss, Coral's representatives maintained that the Building could only be repaired from the inside out, for approximately $7 million (the "Inside-Out

Method"). The appraisal award later valued those repairs at $5,328,016.00.

5. Those representatives include, but are not limited to, David Podolsky of Coral, Karl Denison of Goodman-Gable-Gould/Adjusters International, Charles Murray of Four Points Claim Services, Inc., and Steven Harwood, P.E., of SR Harwood Consulting Engineering, PC.

6. Federal expressed concerns regarding the Inside-Out Method. Federal's architect, Daniel J. Hogan, RA, AIA, advised that the Inside-Out Method is physically impossible. Further, Mr. Hogan advised that the Inside-Out Method would pose an increased danger to students, as construction would occur in closer proximity to them.

7. On December 27, 2018, during the briefing of the parties' motions to vacate/confirm the appraisal award, Coral made a filing with the New York City Department of Buildings (the "DOB"). The filing is inconsistent with the Inside-Out Method and estimated the total cost of repairs at $1,385,000.00.

8. In Federal's reply brief, we explained that Coral made a filing with the DOB inconsistent with the Inside-Out Method. *See* Federal's Reply Memo. of Law, ECF No. 48, p. 5-7. After the September 3, 2020 Memorandum Opinion and Order regarding the motions to vacate/confirm the appraisal award, we asked Coral for documents that support the DOB filing. Specifically, we requested a copy of everything filed with the DOB, the engineer's complete file, the architect's complete file, and all communications between Coral and its engineer and architect regarding this $1,385,000.00 repair estimate.

9. In October/November 2020, Coral provided some additional documents. We advised Coral that these documents seem to indicate that the filing was for the Exterior Method. Coral refused to provide additional documents to resolve this issue.

10. In light of the above, Federal respectfully requests leave to add one affirmative

defense. Federal's proposed Amended Answer and Affirmative Defenses is attached hereto as **Exhibit A**. Federal seeks to add Affirmative Defense No. 24, which states as follows:

\* \* \*

### TWENTY-FOURTH AFFIRMATIVE DEFENSE

If it is determined that Plaintiffs misrepresented and/or concealed, with malice, intent, knowledge, or other conditions of a person's mind, the feasibility of performing repairs from the exterior of the building, then the Policy may be void pursuant to the following provision:

    A.    **CONCEALMENT, MISREPRESENTATION OR FRAUD**

This Coverage Part is void in any case of fraud by you as it relates to this Coverage Part at any time. It is also void if you or any other insured, at any time, intentionally conceal or misrepresent a material fact concerning:

1. This Coverage Part;
2. The Covered Property;
3. Your interest in the Covered Property; or
4. A claim under this Coverage Part.

During the adjustment and the appraisal, Coral's representatives stated that the building could only be repaired from the interior. Such representatives include, but are not limited to, David Podolsky of Coral, Karl Denison of Goodman-Gable-Gould/Adjusters International, Charles Murray of Four Points Claim Services, Inc., and Steven Harwood, P.E., of SR Harwood Consulting Engineering, PC. The statements were willfully made and material to Federal's investigation of the claim. Then, in December 2018, Coral filed plans with the New York City Department of Buildings that appear to support repairs from the exterior of the building. This will likely have evidentiary support after a reasonable opportunity for further investigation or discovery. If Coral was aware that repairs could be completed from the exterior, then Coral misrepresented and/or concealed the feasibility of those repairs with malice, intent, knowledge, or other conditions of a person's mind. Accordingly, if discovery reveals that Coral willfully misrepresented the feasibility of exterior repairs, then Federal reserves its right to rely on the foregoing policy condition to void coverage.

\* \* \*

*See* Exhibit A, p. 23-24. The rest of the Answer and Affirmatives Defenses remains unchanged.

    11.    Under Rule 15 of the Federal Rules of Civil Procedure, "[t]he court should freely give leave when justice so requires." FED. R. CIV. P. 15(a)(2).

12. New York courts employ a "liberal standard" when determining motions for leave to amend a pleading under Rule 15. *See Agerbrink v. Model Serv. LLC,* 155 F. Supp. 3d 448, 452 (S.D.N.Y. 2016).

13. Federal's Answer and Affirmative Defenses predate Coral's DOB filing and the additional documents provided by Coral. Those documents are inconsistent with Coral's position on the method of repair. As such, Federal respectfully requests that the Court grant leave to add this affirmative defense.

WHEREFORE, Federal respectfully requests that the Court grant leave to file its Amended Answer and Affirmative Defenses attached hereto as **Exhibit A**.

Dated: November 25, 2020
New York, New York

Respectfully Submitted,

**FORAN GLENNON PALANDECH PONZI & RUDLOFF PC**

By: /s/ Charles J. Rocco
Charles J. Rocco, Esq. (CR8646)
Ashley C. Vicere, Esq. (AV0612)
*Attorneys for Defendant*
*Federal Insurance Company*
40 Wall Street, 54th Floor
New York, New York 10005
Tel:    (212) 257-7100
Fax:   (212) 257-7199
crocco@fgppr.com
avicere@fgppr.com