UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x
CORAL REALTY, LLC, and CORAL　　　　　　Docket No.: 1:17-cv-01007
CRYSTAL, LLC,

        Plaintiffs,

                **DECLARATION OF JONATHAN**
                **WILKOFSKY IN OPPOSITION**
  -against-         **TO MOTION FOR JUDGMENT ON**
                **THE PLEADINGS**

FEDERAL INSURANCE COMPANY,   Judge Laura T. Swain;
                Magistrate Judge
        Defendant.    Barbara C. Moses
------------------------------------------------------------x

   **JONATHAN WILKOFSKY**, under penalty of perjury pursuant to 28 U.S.C. §1746, declares as follows:

   1.  I am a member of WILKOFSKY, FRIEDMAN, KAREL & CUMMINS, attorneys for the Plaintiffs, CORAL REALTY, LLC, and CORAL CRYSTAL, LLC herein, and, as such, am fully familiar with all of the facts and circumstances concerning this matter.

   2.  This affirmation is submitted in opposition to the motion brought by Defendant which seeks an Order pursuant to Rule 12(C) of the Federal Rules of Civil Procedure, dismissing counts 2 through 5 of the complaint.

   3.  For the reasons stated in the memorandum of law submitted herewith, Plaintiffs respectfully submit that Defendant's Motion must be denied in its entirety.

   4.  By the instant action, Plaintiffs seek payment under a policy of insurance issued by Federal for damages to their property located at 201 East 14th Street a/k/a 129 Third Avenue in New York City in 2012, 8 years ago.

5. Faced with four years of continuing refusal by Federal to adjust the loss in even a semblance of a reasonable manner, plaintiffs commenced the instant action on January 10, 2017. It contains five causes of action seeking:

> 1. Breach of Contract
>
> 2. Breach of Covenant of Good Faith
>
> 3. Deceptive Business Acts and Practices under § 349 of N Y General Business Law
>
> 4. Declaratory Judgment with respect to Damages and Liability
>
> 5. Declaratory Judgment with respect to the Appraisal Process

6. In addition, while the instant action was pending, the parties proceeded to appraisal. A primary issue was whether Plaintiffs' repair plan which concluded that, due to various factors, an "Inside/Out" methodology (making repairs from the inside of the insured premises and working out) or Federal's outside/in proposal was correct and appropriate.

7. A second major issue was whether the temporary replacement stairs for the NYU students occupying the building had to be a stable enclosed stairway or whether Federal's unenclosed scaffolding system would suffice.

8. As the court is aware from the motions to confirm or reject the award, Federal lost on both counts and an Appraisal award of $5,328,016 in property damage and $200,850 for extra expenses incurred was rendered. The Appraisal Award is annexed as Exhibit A.

9. On November 19, 2018, Federal, by its adjuster, Jerry Rudoshko, wrote to plaintiffs' adjuster and stated Federal was ignoring the award and the underlying findings. See Exhibit B.

10. Despite the appraisal award of Umpire Michael Young, the panel and the independent engineers from Thornton Tomassetti, that determined the "inside out" method was required, and the obligation of Federal under the policy to abide by the award, (other than such legal challenges as might be available) and to pay the appraisal award, Federal stubbornly disregarded the findings and continued to insist that its method was the only way to proceed.

11. Federal concluded that it was valuing the loss at $948,289 (less than 1/5 of the appraisal award). After deducting the $105,871.62 previously paid, Federal issued a check for $832,417.38 which it contended was in full satisfaction of the claim.

12. Federal then moved this Court to set aside the award and lost again. The motion was denied other than with respect to any potential claim that a loss was not covered, which this court held had to be decided by the court, referring the matter to the Magistrate Judge for a scheduling order with respect to the coverage issue . See Docket Entry 62.

13. Having lost twice on the merits, Federal still refused payment despite the acknowledgment of counsel that over one-half of the award was not in dispute. See Exhibit C. Instead, presumably in an effort to justify its continued breach of contract and bad faith nonpayment, Federal has now moved to amend the answer to include a baseless assertion of fraud. See Docket Entries 74-77.

14. Continuing in its efforts to get a third, fourth or fifth bite at the apple, Federal has also framed its discovery requests for the remaining coverage issue as if the underlying question of amount and extent of loss were still undecided. See Exhibit D.

15. If that were not enough to form the basis for a bad faith finding, documentation produced by Federal also shows that during the negotiation process, certain of plaintiffs' expenses

had been approved by Federal's consultant. Federal affirmatively chose not to pay the approved expenses because plaintiffs insisted on appraisal. See Exhibit E.

16. Then, when the Appraisal awarded over $200,000 in expenses, Federal still refused to pay any of the award, not even the amount which its consultant had approved years before. See Exhibit B.

17. Emails also reflect Federal's position that it did not care what might be required by law or for the safety and proper repair of the premises, as long as the Department of Buildings approved it, even knowing the Department of Buildings were proceeding on false and inaccurate information. See Exhibit F.

18. While this was all taking place, the State action which plaintiffs commenced against the tortfeasors was continuing.

19. Because Federal had yet to pay its claim and step into plaintiffs' shoes as subrogee, plaintiffs were forced to take the lead and bore the brunt of the hundreds of thousands of dollars in legal fees.

20. Plaintiffs even asked Federal to take over the State litigation as ultimately it would be Federal's claim and all plaintiff was doing was spending money to Federal's benefit. Federal declined. See Exhibit G.

21. All of the foregoing, together with the allegations of the complaint, more than adequately support the causes of action challenged and the motion for judgment on the pleadings should be denied.

22. Alternatively, if this Court concludes that the pleading is in some fashion deficient or that the developments post-pleading should not be considered herein, leave is requested to amend the complaint to incorporate all of the foregoing additional facts.

**WHEREFORE**, it is respectfully submitted that this Court deny Plaintiff's motion for judgment of the pleadings in its entirety; along with such other and further relief as this Court may deem just and proper.

Dated: December 15, 2020

    New York, New York

                                   *Jonathan Wilkofsky*
                                   JONATHAN WILKOFSKY