

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

CORAL CRYSTAL, LLC, et al.,

           Plaintiffs,

-against-

FEDERAL INSURANCE COMPANY,

           Defendant.

17-CV-1007 (LTS) (BCM)

**OPINION AND ORDER**

**BARBARA MOSES, United States Magistrate Judge.**

This long-running case, pending here since February 2, 2017, arises from an even longer-running insurance dispute between plaintiffs Coral Crystal, LLC and Coral Realty, LLC (collectively Coral) and defendant Federal Insurance Company (Federal), which issued a policy (the Policy) insuring Coral against property damage to its building at 129 Third Avenue in Manhattan (the Building) and certain related losses. Now before the Court is Federal's motion (Dkt. No. 74), filed on November 25, 2020, for leave amend its answer to add a conditional defense sounding in fraud. Relying on facts known to it since at least February 21, 2019, Federal alleges, in its proposed Twenty-Fourth Affirmative Defense, that "*[i]f* it is determined that Plaintiffs misrepresented and/or concealed . . . the feasibility of performing repairs from the exterior of the building, *then* the Policy *may be* void" pursuant to its "Concealment, Misrepresentation or Fraud" clause. Prop. Amend. Ans. (Dkt. No. 74-2) at 23-24 (emphasis added.) For the reasons that follow, Federal's motion will be denied.[1]

---

[1] The Second Circuit has stated, albeit in *dicta*, that a motion to amend is a "nondispositive" matter which can be determined by a magistrate judge, pursuant to Fed. R. Civ. P. 72(a), subject to review under the "clearly erroneous" standard set out therein. *Fielding v. Tollaksen*, 510 F.3d 175, 178 (2d Cir. 2007). Since *Fielding*, many courts in this District have "applied the 'clearly erroneous' standard to evaluate the denial of leave to amend by a magistrate judge" regardless of the grounds for the denial. *Xie v. JPMorgan Chase Short-Term Disability Plan*, 2018 WL 501605, at *1 (S.D.N.Y. Jan. 19, 2018) (Schofield, J.) (treating magistrate judge's recommendation to deny motion to amend on futility grounds as a decision denying the motion, and overruling objections

**I.     BACKGROUND**

Eight years ago, on December 5, 2012, the north wall of the Building was damaged as a result of work being performed on a neighboring property. Verified Compl. (Dkt. No. 1-3) ¶¶ 11-12. Coral submitted a Proof of Loss in the amount of $7,225,708 (less a $10,000 deductible), based on an estimate of the repair costs, and sought additional sums for lost income and "extra expense." *Id.* ¶¶ 13-15 & Ex. 2 (Dkt. No. 70-4 at ECF pages 2-3). On or about August 28, 2015, Federal acknowledged coverage but did not accept the Proof of Loss, explaining that, in its view, "the scope and magnitude of the repairs claims appears to significantly exceed those which would be necessary, or which would be required by the New York City Department of Buildings [DOB], if feasibility were to be established." *Id.* ¶¶ 16-17, 19-20 & Ex. 3 (Dkt. No. 70-4 at ECF pages 5-47)

---

under the "clearly erroneous" standard). *See also*, *e.g.*, *Jhagroo v. Brown*, 2020 WL 3472424, at *2 & n.1 (S.D.N.Y. June 25, 2020) (Aaron, M.J.) (denying motion for leave to amend on futility grounds in an Opinion and Order after finding that, "[a]lthough the issue is not free from doubt in this Circuit," a magistrate judge has the authority to decide a motion to amend "as a nondispositive motion"); *United States for Use & Benefit of Five Star Elec. Corp. v. Liberty Mut. Ins. Co.*, 2020 WL 2530180, at *7 & n.1 (S.D.N.Y. May 19, 2020) (Cott, M.J.) (same); *DiPilato v. 7-Eleven, Inc.*, 662 F. Supp. 2d 333, 341 (S.D.N.Y. 2009) (Seibel, J.) (reviewing for "clear error," and upholding, magistrate judge's denial of motion to amend on futility grounds). *See also Sokol Holdings, Inc. v. BMB Munai, Inc.*, 2009 WL 3467756, at *4 (S.D.N.Y. Oct. 28, 2009) (Wood, J.) ("The weight of opinion appears to favor treating such rulings as nondispositive, requiring a 'clearly erroneous' standard of review."). Other courts within our Circuit, however, reason that a denial of leave to amend premised on "futility" is akin to the grant of a motion to dismiss made pursuant to Fed. R. Civ. P. 12(b)(6) and should therefore be deemed dispositive, requiring *de novo* review pursuant to Rule 72(b). *See*, *e.g.*, *Dolac v. Cty. of Erie*, 2020 WL 2840071, at *1 n.2 (W.D.N.Y. June 1, 2020) (Sinatra, J.) ("to the extent that [Magistrate] Judge Schroeder's determinations regarding the amended complaint were based on futility, and Dolac objected to these determinations, this Court reviews them *de novo*"); *Pusey v. Delta Airlines, Inc.*, 2011 WL 1215081, at *1 (E.D.N.Y. Mar. 30, 2011) (Vitaliano, J.) ("A magistrate judge's denial of leave to amend, when premised on futility, is a dispositive decision warranting de novo review of any objection to it."); *HCC, Inc. v. R H & M Mach. Co.*, 39 F. Supp. 2d 317, 321 (S.D.N.Y. 1999) (Leisure, J.) ("[D]enial of leave to amend is a dispositive decision at least in situations where the denial is premised on futility."). Here, my decision to deny the motion rests in large part on my conclusion that the proposed amendment would be futile. *See* Part III(B), *infra*. To the extent my determination is deemed "dispositive" for purposes of Fed. R. Civ. P. 72(b), it is respectfully recommended that the motion be denied.

at 2-3. Thereafter, the parties continued to dispute the reasonable and necessary repair costs for the Building, prompting Coral to demand an appraisal of the loss, pursuant to the Policy, and then sue Federal in state court, where it sought damages and declaratory relief, including a declaration that that Federal "is liable to pay [Coral] . . . the sums awarded in appraisal, should appraisal proceed." *Id*. at 27-28.

On February 10, 2017, Federal removed the case to this Court on diversity grounds (Dkt. No. 1), and on March 10, 2017, Federal answered, asserting 23 affirmative defenses. (Dkt. No. 10.) On May 22, 2017, the Hon. Deborah A. Batts, to whom the case was then assigned, stayed proceedings pending the outcome of the appraisal. (Dkt. Nos. 14, 15.)

### A. The Appraisal

During the nearly year-long appraisal, the parties vigorously disputed the appropriate repair methodology for the Building. Coral championed the so-called Inside-Out Method, which according to Federal was physically impossible, unduly expensive, and unlikely to be approved by the DOB. Federal, for its part, favored the Exterior Method, which would be less expensive but which, according to Coral, would not ensure water-tightness and was not feasible, because it would require access from the neighboring property, which was unlikely to be granted in light of ongoing litigation between the owners of the two parcels. In an Award dated April 27, 2018 (Dkt. No. 40-15), the appraisal panel rejected Federal's position as to the appropriate repair methodology, largely accepted Coral's, and concluded, on that basis, that the actual cash value of the property loss was $5,328,016. Federal, however, took the position that "the appraisal process was severely flawed, and that the Award exceeds the scope of coverage" under the Policy (Dkt. No. 22), and declined to pay any of the money awarded – beyond the sum of $948,289, which it paid before the appraisal was concluded and which it now characterizes as a payment "for the Loss based on repairing the building from the exterior." Def. Mem. (Dkt. No. 74-1) ¶ 3.

3

### B. The Cross-Motions to Confirm and to Vacate

On August 15, 2018, the Court lifted the stay (Dkt. No. 24), and on November 15, 2018, Judge Batts entered a Scheduling Order directing the parties to file their motions regarding the Award by December 21, 2018. (Dkt. No. 30.) Because of the contemplated motion practice, the Scheduling Order did not include a deadline for amending the pleadings or a timetable for conducting discovery. On December 21, 2018, Coral moved to confirm the Award (Dkt. Nos. 31, 38), and Federal moved to vacate or modify it (Dkt. No. 33), arguing – among other things – that the decision of the appraisers was "irrational" because "the Inside-Out Method is impossible to perform" and "would not be approved by the DOB." (Dkt. No. 34 at 17.)

On December 27, 2018, Coral made a pre-filing with the DOB for repairs to the Building at an estimated cost of $1,385,000. (Dkt. No. 51-2.) On February 21, 2019, in its reply brief in support of its motion to vacate the Award, Federal cited the pre-filing as evidence that "***Coral is not going to repair the Building using the Inside-Out Method upon which the Award is based***" (Dkt. No. 48 at 7) (emphasis in the original), "presumably because, as set forth in Federal's Motion, the Inside-Out Method is impossible, unsafe, untested, unlikely to be approved by the DOB, irrational, and expensive." *Id*. For this point, Federal relied on a declaration signed by its expert architect Daniel Hogan, who attested that the DOB pre-filing was "inconsistent with the Appraisal Award and Coral's Inside-Out Method" because the repairs were only estimated to cost $1,385,000 and did not include various components that would have been included in the Inside-Out Method as presented to the appraisers. (Dkt. No. 51 ¶¶ 22-36.)[2]

---

[2] Federal had previously relied on Hogan, both during the appraisal and before this Court, for testimony in support of its contention that the Inside-Out Method was physically impossible, unduly expensive, and would not be approved by the DOB. (*See*, *e.g*., Dkt. No. 37 ¶¶ 11, 34, 44.)

On February 21, 2020, the Hon. Laura Taylor Swain, to whom this action was assigned after Judge Batts's untimely death, referred the case to me for general pretrial management (Dkt. No. 59.) On September 3, 2020, Judge Swain rejected Federal's "irrationality" argument, explaining that it is not this Court's function to reconsider factual questions decided by the expert appraisal panel, and granted Coral's motion to confirm the Award in substantial part, thereby "establish[ing] the value of the claim elements awarded" and leaving only coverage issues for determination. *See* Op. & Order (Dkt. No. 62) at 22, 35.

### C.     The Motion to Amend

During a status conference on October 19, 2020, Federal confirmed that it still had not paid any portion of the Award; that it intended to move pursuant to Fed. R. Civ. P. 12(c) for judgment on the pleadings as to certain of Coral's claims; and that it sought discovery concerning a variety of coverage issues that it characterized as still in dispute in the wake of the decision on the cross-motions, including a coverage issue arising from Coral's 2018 pre-filing with the DOB. *See* Tr. of Oct. 19, 2020 Conf. (Tr.) (Dkt. No. 67) at 30:21-33:21. Federal's counsel explained:

> If their intention all along was to do this exterior repair method and they were filing false submissions to the insurance company saying that the only method was the inside-out, we need to know that.

Tr. at 31:19-22.

Following the conference, on October 20, 2020, I issued a Case Management Order governing document discovery and (known) motion practice. (Dkt. No. 66.) On November 18, 2020, in accordance with the Case Management Order, Federal filed a motion pursuant to Fed. R. Civ. P. 12(c) for judgment on the pleadings as to all of Coral's claims other than its breach of contract claim. (Dkt. No. 70.) One week later, on November 25, 2020, Federal filed its motion for leave to amend its answer.

5

Federal seeks to add a single affirmative defense – its Twenty-Fourth – sounding in fraud and grounded in the "Concealment, Misrepresentation or Fraud" provision of the Policy, which states that "[t]his Coverage Part is void in any case of fraud" by the insured or if the insured "intentionally conceal[ed] or misrepresent[ed] a material fact concerning," *inter alia*, the "Covered Property" or "a claim under this Coverage Part." Prop. Amend. Ans. at 23-24. After reciting the contractual language, Federal alleges (i) that Coral asserted during the adjustment of its claim and during the appraisal "that the building could only be repaired from the interior"; (ii) that Coral's statements were "material to Federal's investigation of the claim"; and (iii) that in December 2018 Coral filed plans with the DOB that "appear to support repairs from the exterior of the building." *Id*. at 24. Without asserting any actual wrongdoing, Federal then alleges that "[*i*]*f* Coral was aware that that repairs could be completed from the exterior, *then* Coral misrepresented and/or concealed the feasibility of those repairs, with malice, intent, knowledge, or other conditions of a person's mind. Accordingly, *if* discovery reveals that Coral willfully misrepresented the feasibility of exterior repairs, *then* Federal *reserves its right* to rely on the foregoing policy condition to void coverage." *Id*. (emphases added). Similarly, in its moving brief, Federal asserts that the DOB pre-filing, together with additional documents provided by Coral in late 2020, "are inconsistent with Coral's position on the method of repair," Def. Mem. ¶ 13, but does not contend that any statements made by Coral during the adjustment or appraisal were knowingly false – nor, for that matter, that Federal relied on any such statements to its detriment.

In response to the motion to amend, Coral argues vigorously, both in its opposition brief (Pl. Opp. Mem.) (Dkt. No. 77) and in declarations signed by its property manager David Podolsky (Podolsky Decl.) (Dkt. No. 76) and its attorney Jonathan Wilkofsky (Wilkofsky Decl.) (Dkt. No. 75), that Federal has misread the pre-filing. The repairs described therein, according to Coral,

6

constitute "a small portion of the work required to do the job (we estimate 25%)," and "the filing and plans underlying it explicitly contemplated the appraised inside-out method" rather than Federal's preferred Exterior Method. Wilkofsky Decl. ¶ 20; Podolsky Decl. ¶ 13. Therefore, Coral argues, "the estimate is evidence of nothing." Pl. Opp. Mem. at 3. Coral urges the Court to deny the motion to amend as untimely, futile, and "one further instance in Federal's bad faith claims practice," *id*. at 2-3, and requests sanctions pursuant to Fed. R. Civ. P. 11. *Id*. at 3-4.

In its reply brief (Def. Reply Mem.) (Dkt. No. 81), and in a reply declaration signed by its architect, Hogan (3d Hogan Decl.) (Dkt. No. 81-8), Federal argues again that the DOB pre-filing, at an estimated cost of only $1,385,000, was "inconsistent with the Inside-Out Method," and "appear[s] to support repairs from the exterior of the building." Def. Reply Mem. at 1, 7; *see also* 3d Hogan Decl. ¶¶ 14, 17 (the pre-filing was, in Hogan's opinion, "inconsistent with Coral's Inside-Out Method" and "consistent with the Exterior Method of remediation which I recommended at the appraisal").

Acknowledging the conditional nature of its proposed new affirmative defense, Federal asserts that it "merely reserves Federal's right to rely on the Policy's Concealment, Misrepresentation or Fraud condition to void coverage *if discovery reveals that Coral willfully misrepresented the feasibility of exterior repairs*." Def. Reply Mem. at 7 (emphasis added). Similarly, during oral argument on the motion to amend, which I heard earlier today, Federal's counsel characterized the motion to amend as "the only way we could get the discovery we need" as to whether it could void coverage under the Policy for fraud.

## II.   LEGAL STANDARD

Fed. R. Civ. P. 15(a)(2) provides that a party "may amend its pleading only with the opposing party's written consent or the court's leave," which is to be "freely give[n] [ ] when justice

7

so requires." The grant or denial of such a motion is committed to the sound judicial discretion of the district court. *Foman v. Davis*, 371 U.S. 178, 182 (1962). However, as explained in *Foman*: "In the absence of any apparent or declared reason – such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc. – the leave sought should, as the rules require, be 'freely given.'" *Id.*[3]

"Where a party opposes leave to amend on 'futility' grounds, the appropriate legal standard is whether the proposed [pleading] fails to state a claim, the traditional Fed. R. Civ. P. 12(b) standard." *New Hampshire Ins. Co. v. Total Tool Supply, Inc.*, 621 F. Supp. 2d 121, 124-25 (S.D.N.Y. 2009) (collecting cases). Under Rule 12(b)(6), the question for the court is whether the pleader has presented "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Absolute Activist Value Master Fund Ltd. v. Ficeto*, 677 F.3d 60, 65 (2d Cir. 2012) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks omitted)). A claim is facially plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. If, on the other hand, "the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct," the "doors of discovery" will not be unlocked, and the pleading is properly dismissed for failure to state a cognizable claim. *Id*. at 679. *See also Bell Atlantic Corp.*

---

[3] A court may also deny a motion for leave to amend a pleading pursuant to Fed. R. Civ. P. 16(b)(4) if the motion was made "after the deadline set in the scheduling order" for amendments, and "the moving party has failed to establish good cause." *Parker v. Columbia Pictures Indus.*, 204 F.3d 326, 340 (2d Cir. 2000); *accord Presbyterian Church of Sudan v. Talisman Energy, Inc.*, 582 F.3d 244, 267 (2d Cir. 2009); *see also* Fed. R. Civ. P. 16(b)(4) ("A schedule may be modified only for good cause and with the judge's consent."). In this case, as noted above, no scheduling order gave the parties a deadline for amending their pleadings. Consequently, I analyze Federal's motion under Rule 15 rather than Rule 16.

*v. Twombly*, 550 U.S. 544, 570 (2007) (if the pleader has not "nudged [its] claims across the line from conceivable to plausible," they must be dismissed).

Although the pleadings at issue in *Iqbal* and *Twombly* were complaints, the same standard applies to affirmative defenses. *See GEOMC CO., Ltd. v. Calmare Therapeutics Inc.*, 918 F.3d 92, 98 (2d Cir. 2019) ("We conclude that the plausibility standard of *Twombly* applies to determining the sufficiency of all pleadings, including the pleading of an affirmative defenses."); *accord E.E.O.C. v. Kelley Drye & Warren, LLP*, 2011 WL 3163443, at *2 (S.D.N.Y. July 25, 2011) (Swain, J.).[4]

"To the extent the amended [pleading] includes allegations of fraud, those allegations must meet the heightened standards of [Fed. R. Civ. P.] 9(b)." *Hangzhou Kailai Neckwear Apparel Co. v. NCP Direct Sourcing, Inc.*, 2016 WL 4400306, at *2 (S.D.N.Y. Aug. 17, 2016). In particular, a claim of fraud must: "(1) specify the statements that the [party] contends were fraudulent, (2) identify the speaker, (3) state where and when the statements were made, and (4) explain why the statements were fraudulent." *Id.* (quoting *Lerner v. Fleet Bank, N.A.*, 459 F.3d 273, 290 (2d Cir. 2006) (internal quotation marks and citation omitted)). Affirmative defenses sounding in fraud must meet the same heightened pleading standards. *See Lumetrics, Inc. v. Bristol Instruments, Inc.*, 101 F. Supp. 3d 264, 269 (W.D.N.Y. 2015) (applying the Rule 9(b) heightened pleading standard to defendant's affirmative defense of fraud).

---

[4] In *GEOMC*, the Second Circuit noted that "applying the plausibility standard to any pleading is a 'context-specific' task," 918 F.3d at 98 (quoting *Iqbal*, 556 U.S. at 679), and that an affirmative defense included in the defendant's initial answer may be scrutinized with less "rigor" because "the pleader of an affirmative defense has only the 21-day interval [prescribed by Fed. R. Civ. P. 12(a)(1)(A)(i)] to respond to the original complaint." *Id.* In this case, however, Federal moves for leave to amend nearly eight years after the loss was incurred, nearly four years after Coral first sued it, and nearly two years after it learned of the DOB pre-filing that forms the basis of its new defense. Since it has had ample time "to gather facts necessary to satisfy the plausibility standard," *id.*, no relaxation of that standard is warranted.

### III. ANALYSIS

#### A. Undue Delay, Bad Faith, Dilatory Motive

Coral is correct that Federal has "known of [the DOB pre-filing] for some time and did nothing to amend its pleading until after largely losing its motion to set aside the award." Pl. Opp. Mem. at 3. Coral may also be correct that Federal's overall litigation strategy – including its efforts to find new ways to relitigate the issue of the appropriate repair method for the Building, notwithstanding the decision of the appraisal panel – is designed "to delay payment of an award." *Id*. Moreover, the addition of a fraud-based defense could significantly expand the scope of discovery in this action, which will otherwise be limited to the "outstanding coverage issues" remaining in contention after the appraisal, Op. & Order at 35, and any tort claims that survive Federal's pending Rule 12(c) motion.

However, "[m]ere delay . . . absent a showing of bad faith or undue prejudice, does not provide a basis for a district court to deny the right to amend." *State Teachers Retirement Bd. v. Fluor Corp.*, 654 F.2d 843, 856 (2d Cir. 1981) (citations omitted). Where, as here, discovery only recently commenced – after Judge Swain resolved the cross-motions to confirm and to vacate the Award – Coral cannot show that Federal's delay in moving to amend has created any "undue" delay, nor that its lack of diligence rises to the level of bad faith. *See id*. at 856 (three-year delay in seeking amendment, after learning underlying facts, was not grounds for denying the motion where "no trial date had been set by the court," "no motion for summary judgment had yet been filed," and "the amendment will not involve a great deal of additional discovery"); *Litton Indus., Inc. v. Lehman Bros. Kuhn Loeb Inc.*, 734 F. Supp. 1071, 1078 (S.D.N.Y. 1990) (permitting amendment to add punitive damages claim, despite three-year delay in filing motion, where discovery was still open, little additional discovery would be required, and no undue delay would result). Consequently, I would not deny the motion based solely on Federal's delay in filing it.

10

**B.     Futility**

Coral is on firmer ground when it asserts that the amendment would be futile. Pl. Opp. Mem. at 3. The proposed new affirmative defense would not withstand a motion to dismiss because it does not allege facts sufficient to state a claim for fraud or misrepresentation – much less state the necessary elements with the specificity required by Rule 9(b) – and makes no effort to do so. Instead, using expressly conditional language, Federal alleges that *if* Coral "misrepresented and/or concealed, with malice . . . the feasibility of performing repairs from the exterior of the building, *then* the Policy *may be* void." Prop. Amend. Ans. at 23 (emphases added). As so phrased, the defense states, at best, an abstract legal proposition, not a fact-based affirmative defense that could withstand a Rule 12(b)(6) motion. *See Conopco Inc. v. Wells Enterprises, Inc.*, 2015 WL 2330115, at *7-8 (S.D.N.Y. May 14, 2015) (dismissing trademark infringement counterclaim "as pled" where Wells asserted that "*if* a likelihood of confusion as to the source of [Wells's product] exists, it does so as a result of Unilever's infringement of Wells's trademarks," but failed to make "an affirmative allegation of consumer confusion as required by the statute") (emphasis added); *Sprague Farms, Inc. v. Providian Corp.*, 929 F. Supp. 1125, 1129-31 (C.D. Ill. 1996) (denying motion to amend where proposed new claims asserted that "*if* Parcel 3 was contaminated that contamination constituted a tort," but never alleged that Parcel 3 was in fact contaminated) (emphasis added).

Moreover, Federal has acknowledged – in the proposed new pleading, in its reply brief, and at oral argument – that the Twenty-Fourth Affirmative Defense would be in effect a place-holder, designed to "unlock the doors of discovery," *Iqbal*, 556 U.S. at 679, in hopes that beyond those doors it will find facts sufficient to undergird a claim it cannot presently plead. *See* Prop. Amend. Ans. at 24 ("*If discovery reveals* that Coral willfully misrepresented the feasibility of exterior repairs, *then* Federal reserves its right to rely on the foregoing policy condition to void

11

coverage"); Def. Reply Mem. at 5 (the new affirmative defense "merely reserves Federal's right to rely on the Policy's Concealment, Misrepresentation or Fraud condition to void coverage *if discovery reveals* that Coral willfully misrepresented the feasibility of exterior repairs") (emphases added).[5]

Rule 11(b)(3) permits a party to make factual allegations so long as those allegations "have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery." Fed. R. Civ. P. 11(b)(3). Here, Federal alleges that discovery will likely demonstrate that the plans underlying Coral's 2018 pre-filing "support repairs from the exterior of the building." Prop. Amended Ans. at 24. This language cannot save the proposed affirmative defense. First, Federal pointedly refrains from alleging that discovery will likely demonstrate the remaining elements of the fraud defense, including that Coral intentionally concealed or misrepresented material facts during the adjustment or appraisal process. Second, Rule 11(b)(3) "is not a license to allege facts first and then investigate." *Sprague Farms*, 929 F. Supp. at 1130-31. *See also United States ex rel. Amico v. Citigroup, Inc.*, 2015 WL 13814187, at *6 (S.D.N.Y. Aug. 7, 2015) ("Relators have not plausibly alleged fraud on the part of the Government, and so are not entitled to discovery" to "prove their allegations of fraud"). To the contrary: "As a general proposition, a litigant has to state a claim before he or she is entitled to

---

[5] Because the Court's duty, on a motion to amend, is "not to resolve disputed factual issues, but rather to determine whether the allegations set forth in the [pleading] state a claim [or, in this case, a defense] upon which relief can be granted," *Knapp v. Am. Cruise Lines, Inc.*, 2018 WL 5263275, at *12 (D. Conn. Oct. 23, 2018), I decline the parties' invitation to resolve the question whether (or to what degree) Coral's December 2018 DOB pre-filing was "inconsistent" with the repair method presented to and accepted by the appraisal panel as a basis for the Award it issued some eight months earlier. Moreover, in order to prevail on a fraud-based defense, it would not be sufficient for Federal to demonstrate that the 2018 pre-filing was "inconsistent" with Coral's position in 2015, 2016, or 2017. The express terms of the Policy language on which Federal hopes to rely require a showing that the insured committed "fraud," or "intentionally conceal[ed] or misrepresent[ed]" a material fact. Prop. Amend. Ans. at 23.

discovery." *Bridgewater v. Taylor*, 745 F. Supp. 2d 355, 358 (S.D.N.Y. 2010) (collecting cases); *see also Squicciarini v. Village of Amityville*, 2019 WL 2191371, at *2 (E.D.N.Y. May 21, 2019) (quoting *Ilarraza v. Medtronics, Inc.*, 677 F. Supp. 2d 582, 584 (E.D.N.Y. 2009)) ("Plaintiff cannot use discovery as a tool to plausibly plead his defamation claim. He must state a plausible claim capable of surviving a motion to dismiss to 'unlock the doors of discovery.'").

## IV. CONCLUSION

For the reasons set forth above, Federal's motion for leave to amend its answer (Dkt. No. 74) is DENIED. Plaintiffs having failed to comply with any of the procedural requirements of Rule 11(c)(2), no sanctions will be awarded.

Dated: New York, New York
January 11, 2021                     **SO ORDERED**

_____
**BARBARA MOSES**
**United States Magistrate Judge**